ALONZO G. PADDOCK, RESPONDENT, *v.* PETER Z. KIRKHAM, AS EXECUTOR OF JACOB COLE, DECEASED, APPELLANT.

*Practice — a commission to take testimony may issue upon a reference of a disputed claim against an estate — R. S., pt. 2, chap. 6, tit. 3, art. 2, secs. 36 and 37 — Code of Civil Procedure, secs. 887, 888.*

Where a claim presented against the estate of a deceased person is disputed by the executor, and referred, upon his consent, to a referee, as provided by sections 36 and 37 of article 2 of title 3 of chapter 6 of part 2 of the Revised Statutes, the Supreme Court has power, under sections 887 and 888 of the Code of Civil Procedure, to direct that a commission issue to take the testimony of a non-resident witness.

APPEAL from an order of the Special Term directing, upon the application of the plaintiff therefor, that a commission issue herein, directed to Wm. W. Woods, counselor at law of Salt Lake City, Utah, to take the depositions of the plaintiff's witnesses residing in that city, and appointing said Woods commissioner.

The proceeding on which this appeal is taken is a reference under the statute of a disputed claim against the estate of the decedent, to Judge WRIGHT, of Putnam county, by consent and with the approval of the surrogate. The plaintiff made his motion for a commission upon affidavits and upon due notice to the defendant. The only objection made by the defendant upon the argument of the motion was that the court had no authority to grant the commission, inasmuch as such a reference is, as he claims, a special proceeding and not an action.

*Abram J. Miller*, for the appellant.

*Thomas Cantwell*, for the respondent.

BARNARD, P. J. :

The plaintiff asserts a claim against the estate of one Jacob Cole. The defendant, who is the executor representing the estate, disputes the claim.

The parties acting under the general law of the State in such cases, have agreed to submit the question of the claim to a referee. The decision of the referee is an adjudication upon the question, good until reversed, and the failure to refer put the party declining in an

unfavorable position, in respect to costs. While the proceeding is not perhaps strictly an action (*Roe* v. *Boyle*, 81 N. Y., 305), still for the purpose of the trial and judgment it is provided by the statute that upon the trial " the same proceedings shall be had in all respects, the referees shall have the same powers * * * as in an action in which such court might by law direct a reference." Under this law the parties have put themselves by legislative permission and it is unreasonable to construe the section so that the important right to have absent testimony taken by commission in a proper case, is left out. The right to a commission is given in all actions with an issue. (Secs. 887, 888.) And an action is defined to include all ordinary prosecution of a right in a court of justice. (Code, § 3333.) When the legislature enacted that in these references the same proceedings should be had as in a properly referred action, it was designed to give the power to have a commission issued.

The order should therefore be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.