In the matter of the Settlement of the Accounts of Stephen G. Austin, Receiver of the Commercial Bank of Buffalo, Appellant, v. Leverett Rawdon and David Groesbeck, Respondents.

Upon filing a report of referees, appointed to settle controversies between the receiver of a corporation and the debtors or creditors of such corporation, under the provisions of the statute entitled " Of proceedings by and against corporations " (2 R. S., 469, § 73), formal entry of judgment is authorized and proper.

(Argued January, 1870; decided March 18, 1870.)

Appeal from an order of the Supreme Court at General Term in the eighth district, setting aside a judgment in favor of Stephen G. Austin, receiver of the Commercial Bank of Buffalo, the appellant, against Leverett Rawdon and David Groesbeck, the respondents.

Austin was appointed receiver of the Commercial Bank of Buffalo by the Court of Chancery, in 1842. In 1844, he applied for the appointment of referees, in pursuance of the statute, to determine certain matters in controversy between the receiver and Rawdon and Groesbeck. Three referees were thereupon selected, and a rule was entered in the Supreme Court, appointing them, and requiring them to report to that court upon the matters referred.

A hearing was had before the referees, both parties appear-

ing, and the sum of $4,017.95 was reported due to the receiver, besides costs.

This report was filed, and Rawdon and Groesbeck moved, in the Supreme Court, to set it aside, which motion was denied November, 1848. They appealed to the Court of Appeals, where the order denying their motion was affirmed by default, and the proceedings were remitted to the Supreme Court.

The receiver afterward commenced an action in the Supreme Court against Rawdon and Groesbeck, upon the report of the referees, to recover the amount reported by them, with interest from the time it was made. Summons was not served on Groesbeck. Rawdon put in an answer to the complaint, but neither defendant appeared on the trial, and judgment was entered, January, 1851, in form against both, for $5,877.03, including costs.

In 1864, the remittitur from the Court of Appeals was brought into the Supreme Court. Judgment in favor of the receiver was ordered and entered thereon, and execution issued against Rawdon and Groesbeck.

Groesbeck moved to set aside this judgment, on the grounds that the Supreme Court had no power to enter or direct the entry of the same, and that the report of the referees had been merged in the judgment entered in 1851. This motion was denied by Justice GROVER, at Special Term. Groesbeck appealed to the General Term, where the order appealed from was reversed, and the motion to set aside the judgment granted. From this order of the General Term the receiver appeals to this court.

*John H. Reynolds*, for the appellant, insisted that judgment was properly entered upon the report. (Graham's Pr., 581.) The statute having declared the report conclusive upon the rights of the parties, and its object being to facilitate a settlement, it is absurd to suppose a common law action necessary to enforce it. The court has general jurisdiction, and acquired jurisdiction of the parties; the proceeding was, in every essential particular, an action (Jac. L.

D. term action; Coke Litt., 285; Matter of Denny, 2 Hill, 220); and the report, as confirmed by the court, was, in effect, a judgment.

The report was not merged in the judgment of 1851, both being of equal degree. (*Andrews* v. *Smith,* 9 Wend., 53; *Willard* v. *Whittaker,* 5 Hill, 408.) And Groesbeck was not served with process, and did not appear in that action. The delay in filing the remittitur did not prejudice the defendants, the report being final as to the rights of all the parties.

*John Ganson,* for the respondent, urged that the statute conferred no authority for entry of the judgment, and in cases where it is intended judgment should be entered, special provision is made. (2 R. S., 385, §§ 48, 53; id., 541, § 1; 543, §§ 14, 15, 16; id., 89, § 37; Laws 1849, ch. 226, § 20.; Laws 1862, ch. 412, p. 743.) This report was made in a special proceeding under a statute, and the court, therefore, has no jurisdiction, except as expressly authorized. It is in derogation of the common law, and should not be enlarged by construction (In re Denny, 2 Hill, 220); and the right to enter judgment cannot be taken by implication. (*Dedrick* v. *Richely,* 19 Wend., 108.)

The report was merged in the judgment of 1851, and the Code provided a remedy on that judgment, sections 375–381.

The statute is unconstitutional as restricting the right of trial by jury.

LOTT, J.   This case comes before the court on an appeal from an order of the General Term of the Supreme Court, in the eighth judicial district, setting aside a judgment entered upon a report of three referees, appointed under a rule entered in that court, under the provisions of the Revised Statutes (Vol. 2, p. 469, § 73), to settle a controversy between the receiver of the Commercial Bank and the defendants, its debtors.

The court below concede the appointment of the referees

to be valid, and that their report was correct and as authorized by those statutes, but hold that there was no law authorizing a judgment to be entered thereon. That presents the principal question for our review and decision, and to that end a brief reference to the statutes becomes necessary. They provide that the referees may be chosen by the agreement of the parties themselves, or in default thereof by the selection of them by an officer in the manner particularly specified; and that on filing such agreement or certificate of such selection in the office of the clerk of the proper court, "a rule shall thereupon be entered by such clerk in vacation or in term appointing the persons so selected to determine the controversy." It is then declared that "such referees shall have the same powers and be subject to the like duties and obligations, and shall receive the same compensation as referees appointed by the Supreme Court in personal actions pending therein." Their report is directed to be filed in the same office, and is "conclusive on the rights of the parties, if not set aside by the court." (See 2 R. S., p. 469, § 73, in connection with p. 45, § 19 to § 25, both inclusive.)

The rule appointing the referees was entered on the first day of July, 1844. Under the practice then in force, rules might in many cases be entered in books provided for that purpose without the special direction of the court, and that could be done when specially authorized by law. The statute authorizing the entry of the rule in question evidently intended it to be effective as an *act of the court.* It was to be made by its clerk, either in vacation or term, and conferred on the referees the same powers as were possessed by referees appointed by the Supreme Court in personal actions and subjected them to the same duties and obligations, and their report when made was declared to be "conclusive on the rights of the parties, if not set aside by the court." Although there is no *express* power given to the court to entertain jurisdiction in the matter, it is necessarily implied. It was the duty of the referees to report to the court, and the fact that it was to conclude the rights of the parties, if not set

aside by the court, concedes the existence of the power to set it aside and to hear an application for such a purpose, and, in the absence of any statutory regulation on the subject, the rules and practice of the court regulating like applications on references in actions must apply, to give effect to the provision.

The practice, at the time the report in question was made, required the party, to whom a report of a referee on an ordinary reference was delivered, to file it with the clerk and enter a rule *nisi* in the common rule book for confirmation and judgment, which expired after four days in term. Within that time, unless extended, the motion was to be made, if at all, to set aside the report, and on the omission to make it or on the denial of it, if made, the report was confirmed and judgment entered thereon. (Graham's Practice, p. 471, &c).

In those cases there was an express provision of the statute authorizing the entry of such judgment. In the case under review there is not, but instead thereof it is declared that the report " shall be conclusive on the rights of the parties," in reference to the matters in controversy, which it was the duty of the referees "*to determine.*" Such determination, thus made " conclusive," is equivalent to a judgment in the other cases, and the entry of it in the record is the evidence of such determination, in a formal manner, consistent with the general practice of the court, and would have been a bar to a subsequent action on the original claim.

The object of the statute in authorizing such a determination was to enable a speedy settlement and disposition of the effects and property of a dissolved corporation to be made. The construction above given to it is consistent with its provisions, and will carry out that object. If, on the other hand, the report is only to be considered as an adjustment of the amount due, and the collection of it could only be enforced by a judgment in a suit founded thereon subsequently commenced, it would tend to delay such settlement and, to a great extent, render a reference useless.

My opinion, therefore, is that the entry of a judgment was

authorized and proper. The suit subsequently brought thereon and the judgment rendered therein are no grounds for setting aside the original judgment. There is no necessity for that if, as claimed by the respondents, the report has been merged in the judgment in the last suit. That may be a reason for preventing the enforcement of the first judgment, but not for setting it aside. There is no such merger. The defendant, Groesbeck, was not served with process and did not appear in that suit, and is not bound by the judgment therein.

I have not deemed it necessary or proper to consider the constitutionality of the law authorizing the reference. Both parties acted in the selection of the referees and appeared on the trial before them, and the notice of motion to set aside the judgment assumes the validity of the report, and states the grounds of the application to be "for want of authority of said clerk to enter the same or of the Supreme Court to direct the same to be entered, and also on the ground that the original report of the referees has been merged in the judgment in the action brought thereon." The question of the unconstitutionality of the provision for a reference is therefore not presented by the notice, and was not considered by the court below. The grounds stated in the notice are, for the reasons above stated, not sufficient to sustain the motion, and the order at special term denying it was right, and the order of General Term reversing it and granting the motion must be reversed, and the original one must be affirmed with costs in both courts.

Earl, Ch. J., and Ingalls, Hunt and Foster, JJ., were also for reversal.

Sutherland and Smith for affirmance.

Grover, having heard the motion at Special Term, did not vote.

Order of the General Term reversed and that of the Special Term affirmed, with costs.