THE PEOPLE OF THE STATE OF NEW YORK *v.* THE HYDROSTATIC PAPER COMPANY et al.   ALEXANDER McVEAN, et al., Respondents, LAUREN C. WOODRUFF et al., Appellants.

This action was instituted on behalf of the State by the attorney-general, to procure the dissolution of defendant, a manufacturing corporation. After the entry of judgment, terminating its corporate existence and appointing a receiver, by virtue of a written stipulation between him and two stockholders, who he claimed had in their possession assets belonging to the corporation, and in accordance with the statute (2 R. S. 469, § 73), the matter was sent to a referee, who reported that said stockholders had such assets in their hands, which, so far as was necessary, to pay debts and expenses, and produce equality of final distribution, they had no right to retain ; no exceptions were filed to the report ; the receiver, instead of entering final judgment thereon, made up his account for presentation to the court, and filed a petition in this action, reporting therein the precise amount necessary to be restored by said stockholders, and praying that said stockholders be adjudged to pay.   A copy of the petition, with notice of application to the court thereon, was served on said stockholders who appeared at Special Term, and also before a referee appointed to ascertain the facts, and litigated the correctness of the receiver's accounts and the amount of their liability, without questioning the right of the referee to determine the amount of assets they should restore.   On the coming in of the report judgment was entered herein against them for the amount so ascertained.   *Held,* that although such judgment went beyond the legitimate and regular purposes of the action, yet said stockholders might have been brought in by a supplemental complaint, and by their voluntary appearance they rendered this unnecessary and became parties ; the court had power to make a final determination of the question, and having had full opportunity to be heard, they could not now complain.

(Argued March 21, 1882 ; decided April 11, 1882.)

APPEAL by certain stockholders of defendant from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made at the June term, 1881, which affirmed a judgment entered upon an order of Special Term allowing the accounts of William F. Miller, receiver of the defendant, and directing judgment in favor of said receiver against two of defendant's stockholders.

The nature of the action and the material facts are stated in the opinion.

*A. G. Rice* for appellant.  The power of the court on a final hearing in a case like the present is limited to allowing or disallowing the account and adjudging the same final and conclusive upon creditors, claimants and stockholders of the corporation.  (3 R. S. [6th ed.] 957, § 106; 2 R. L. 472, § 86.) The order or judgment is appealable.  (2 R. S. [6th ed.] 957, § 107.)

*Theodore Bacon* for respondent.  The Supreme Court had power after the reference to enforce the referee's report by a judgment.  (*Austin* v. *Rawdon*, 42 N. Y. 155; *In re Empire City Bk.*, 19 id. 199; *In re Crosby* v. *Day*, 81 id. 242.)

FINCH, J.  This suit was instituted on behalf of the State by its attorney-general against the defendant corporation to procure its dissolution.  No defense was interposed, and judgment by default was entered, terminating the corporate existence, appointing a receiver and reserving further and final relief until the coming in of his report and account.  Prior to its presentation a question arose between the receiver and two of the stockholders alleged to have in their possession assets belonging to the corporation.  That dispute was sent to a referee for adjustment by virtue of a written stipulation between the parties, and in accordance with the provisions of the statute.  (2 R. S. 469, § 73; id. 45, §§ 19 – 25.)  That reference was a separate proceeding not entitled in the action and between persons not as yet parties to it.  The referee selected, after having heard the proofs, reported that certain assets of the corporation were in the hands of the two stockholders, who had no right to retain them, so far as they were needed to pay debts and expenses and produce equality of final distribution.  No exceptions to the report were filed, and in due season it became final and conclusive upon the parties, and formal judgment might have been entered upon it. (*Austin* v. *Rawdon*, 42 N. Y. 155.)  But the receiver took a different course.  Assuming that the liability of the two stockholders holding an excess of assets was established by the reference, and its precise amount only remained to be ascertained,

he made up his account for presentation to the court. He filed a petition in the action setting forth the details of the situation, reciting the previous reference and its result, and reporting the precise amount necessary to be restored by the two stockholders from the assets held by them to enable the necessary expenses to be paid and an equal distribution to be made, and praying that said stockholders be adjudged to pay that amount. Copies of the petition and notice of the intended application to the court were served upon such stockholders, who appeared at the Special Term, and were heard in their own behalf. A reference to ascertain the facts was ordered, and they again appeared before the referee and litigated the correctness of the accounts and the amount of their personal liability. Upon that reference the previous report was put in evidence without objection on their part. They raised no question over the right of the referee in the action to settle and determine the amount of assets which they should restore, and, in the end, upon the coming in of the report, the extent of their liability was measured and ascertained, and a judgment entered against them for such amount. Of that judgment they now complain. The ground of this appeal is purely technical, since full consideration and an ample hearing has preceded the judgment which is assailed. The validity of the reference first ordered is not denied, nor the right of the receiver to have entered a formal judgment in accordance with its award, but its incorporation into the judgment rendered in this action is the subject of complaint of said stockholders, alleging that it went beyond the legitimate and regular purposes of the action, and was unauthorized and unlawful. That would have been so if they had not become parties to the action by their voluntary appearance. They might have been brought in by a supplemental complaint, but that became unnecessary when they appeared without it and consented, by their presence and by their omission to object, to a determination which covered all questions and settled the amount of their liability. They became parties to the general reference ordered in the action by their voluntary

appearance. The previous proceeding was consolidated with, or absorbed in, the final reference by their consent and apparent approval. If the result might have been reached in a more orderly manner, their rights at least were perfectly protected, and they had full opportunity for defense, of which they availed themselves without objection. That they are now dissatisfied with the result furnishes no reason for questioning the power of the court. The necessary parties had appeared; they litigated the question involved without objection before the referee, so far as the case shows; and the court had the right to make its final determination broad enough to settle the rights of all the parties before it.

The judgment should be affirmed, with costs.

All concur, except Andrews, Ch. J., and Tracy, J., absent.

Judgment affirmed.