ERNEST GREENFIELD, INDIVIDUALLY AND AS TRUSTEE, PLAIN-
TIFF, *v.* THE MAYOR, ALDERMEN AND COMMONALTY
OF THE CITY OF NEW YORK, DEFENDANT.

*Attorney — lien of, on papers, for his fees — power of the court to compel the client to
pay the amount due to him.*

APPEAL from an order of the Special Term overruling exceptions
to the report of a referee, and ordering certain moneys to be paid
over by the appellant.

The plaintiff and the Produce Bank, for and on whose behalf
these actions were prosecuted, petitioned the court for an order sub-
stituting other attorneys in the place of their attorney, L. Liflin
Kellogg, and for an order that he turn over and deliver to the attor-
neys, so substituted in his place and stead, all of the papers in his
hands pertaining to such actions.

A dispute arose as to the amount of compensation Kellogg was enti-
tled to for the services already performed by him. The petitioners
having made and filed a bond conditioned for the payment of any
sum that should be found due him, the court, upon application of the
petitioners, ordered that the question of the compensation which
Kellogg was entitled to receive from the petitioners, or either of
them, for the services rendered by him and the disbursements made,
be referred to Henry H. Anderson, Esq., to hear and determine the
same, and to report thereon as to what amount is due, and from
which of the petitioners the amount should be paid. The court fur-
ther, in substance, ordered that he surrender up and deliver all the
papers in his hands pertaining to such actions, and that the other
attorneys be substituted in his place.

The referee so appointed, after hearing the parties and taking the
testimony submitted by them, found, as a fact, that Kellogg was
employed by the Produce Bank; that it agreed to pay him whatever
his services were fairly and reasonably worth, and that such services
were worth the sum of $8,727.22 ; that his disbursements amounted
to the sum of fifty dollars and forty-four cents, making a total of
$8,777.66, which sum should be paid to him by the Produce Bank.

The Special Term overruled the exceptions filed to the referee's

report and confirmed it; it further ordered and adjudged that Kellogg should recover the amount so found due and owing by the referee from the Produce Bank, and that he have execution therefor.

Upon the appeal it was claimed that in such a proceeding as this it was not competent for the court to order the payment of money, and that a judgment for the payment of money be entered or docketed, and that an execution issue thereon, as had been done in and by the order appealed from.

With reference to this question, the court at General Term said: "In respect to the question whether the court had power to order the bank to pay over the money and to direct execution to issue as upon a judgment therefor, we think, under the circumstances, the power existed. The proceedings were commenced by petition filed on behalf of the bank. It was addressed to the equitable power of the court seeking to compel an attorney to surrender the possession of papers, etc., in his hands, and upon which he had a lien for his compensation, and distinctly offering to pay to said attorney all sums and amounts to which he might in any proceedings be adjudged to be entitled for his professional services and disbursements. It was accompanied by a bond given for the purpose of obtaining an immediate delivery, without the delay incidentally necessary to ascertain such amount. The court directed the surrender of all the papers upon which the lien rested, and directed a reference to hear and determine the question of compensation, and a trial, formal in its character, was had before such referee. On the coming in of the report and its confirmation the court undoubtedly had power to compel a compliance with its own order, by directing the payment of the money to the attorney which had been ascertained to be his due, and might enforce that order, under General Rule 27 of the court, by the entry of a judgment and the issuing of an execution as directed by the order appealed from, or it might have proceeded to enforce the order by proceedings in the nature of contempt. It certainly is not prejudicial to the bank that the court adopted the milder form, and it was not necessary, we think, to require the attorney to proceed with the action upon the bond although that course might doubtless have been taken."

DANIELS, J.:

" I agree to this opinion, and merely add an authority appearing to sustain the conclusion that a formal judgment and execution to carry into effect the final order made were proper. The facts are not the same, but the principle maintained seems to be broad enough, to include this as well as the case to which it has been applied. The authority referred to is that of *Austin* v. *Rawdon* (42 N.Y. 155), and it sanctions the application of the only adequate remedy for enforcing an order which the court seems to have had the undoubted power to make in the case."

*Strong & Cadwallader*, for Ernest Greenfield, the Produce Bank and others, appellants.

*George W. Van Slyck*, for L. Liflin Kellogg, the respondent.

Opinion by DAVIS, P. J., and DANIELS, J.; BRADY, P. J., concurred with DAVIS, P. J.

Order affirmed, with ten dollars costs and disbursements.