ALONZO G. PADDOCK, Respondent, *v.* PETER Z. KIRKHAM, as Executor, Appellant.

The provision of the Revised Statutes (2 R. S. 89, § 37) in regard to the reference of a disputed claim against the estate of a deceased person, which declares that "the same proceedings shall be had *in all respects * * * as if the reference had been made in an action*," authorizes the issuing of a commission to take testimony out of the State.

*Wood* v. *Howard Ins. Co.* (18 Wend. 646), *In re Whitney* (4 Hill, 533), distinguished.

(Argued June 1, 1886; decided June 25, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 15, 1885, which affirmed an order of Special Term, directing the issuing of a commission to take the testimony of witnesses out of the State.

This was a reference under the statute of a disputed claim against the estate of Jacob Cole, deceased.

*Abram J. Miller* for appellant. An action is an ordinary proceeding in a court of justice; every other remedy or prosecution is a special proceeding. (Code of Proc., §§ 2, 3; Code of Civ. Pro., §§ 3333, 3334.) This is not an action but a special proceeding under a special statute. Proceedings on the reference of a claim against an estate do not constitute an action. (*Robert* v. *Ditmas,* 7 Wend. 525; *Linn* v. *Clow,* 14 How. Pr. 508; *Boyd* v. *Bigelow,* id. 511; *Radley* v. *Fisher,* 24 id. 405; *Coe* v. *Coe,* 37 Barb. 233–235; *Somerville* v. *Crook,* 9 Hun, 666; *Young* v. *Cuddy,* 23 id. 250; *Roe* v. *Boyle,* 81 N. Y. 306–308; *Mowry* v. *Peet,* 88 id. 456.) This being strictly a statutory proceeding, no power is conferred and no proceeding can be had therein except it is expressly conferred by statute. (*Roe* v. *Boyle,* 81 N. Y. 306–308; *Mowry* v. *Peet,* 88 id. 453; *Matter of Attorney,* 83 id. 164.) A commission is not a common-law right. (*Matter of Whitney,* 4 Hill, 533; *Brown* v. *Southworth,* 9 Paige's Ch.

552; *McCotter* v. *Hooker*, 8 N. Y. 504; *Matter of Attorney*, 83 id. 164.) Since the enactment of the Code of Civil Procedure there is no power to issue a commission in proceedings supplementary to execution, even though one of the subdivisions of section 888 would seem to imply that it should issue, and for the reason that it is not an action but a special proceeding. (*Champlin* v. *Stodart*, 64 How. Pr. 379.) A commission can issue in actions only. (*Wood* v. *Howard Ins. Co.*, 18 Wend. 646; *Matter of Whitney*, 4 Hill, 533; *Graham* v. *Colburn*, 14 How. Pr. 52; *Champlin* v. *Stodart*, 64 id. 378; *McColl* v. *Ins. Co.*, 50 N. Y. 332; *Matter of Attorney*, 83 id. 164.) The provision of the statute, "that the same proceedings shall be had in all respects; the referees shall have the same powers * * * and be subject to the same control as if the reference had been made in an action in which such court might by law direct a reference," relates to proceedings after the report of the referee is made. (*Comstock* v. *Olmstead*, 6 How. Pr. 79.) It gives no right to a commission. The act is in derogation of the common law and should not be enlarged by indulging in a liberal construction. (*In re Denny*, 2 Hill, 220; *Wood* v. *Howard Ins. Co.*, 18 Wend. 646.) Where claims against insolvent debtors are referred to referees, under a rule of the court, with the same powers, etc., as referees appointed by the Supreme Court, a commission is not authorized. (*In re Whitney*, 4 Hill, 533; *Wood* v. *Howard Ins. Co.*, 18 Wend. 646.) The order granting a commission with stay is appealable. (*Rathburn* v. *Ingersoll*, 34 N. Y. Supr. 211.)

*Wm. P. Cantwell* for respondent. This order is not appealable. It does not affect a substantial right within the meaning of section 190 of the Code of Civil Procedure. It is merely an intermediate order relating to the procedure. (*Van Slyke* v. *Hyatt*, 46 N. Y. 259, 262; *Arthur* v. *Griswold*, 60 id. 143; *Whittelsey* v. *Poquet*, 66 id. 358; *Roe* v. *Boyle*, 81 id. 305, 307.) This is an action within the meaning of the statute, clothing the court with authority to grant the commission.

(Code, § 3333.) This, upon all the statutes *in pari materia*, is an action within the laws giving courts authority to grant a commission. (*People, ex rel. O. & L. C. R. R. Co.*, v. *Pond*, 13 Abb. N. C. 1.)

RAPALLO, J. The power to issue a commission to take testimony out of the State depends entirely upon statutory provisions, and is regulated now by section 888 of the Code of Civil Procedure, which is in substance a re-enactment of a like provision of the Revised Statutes. Section 888 provides for the issuing of such a commission only " where an issue of fact has been joined *in an action* pending in a court of record."

The appellant contends that this reference was not an action but a special proceeding, citing *Roe* v. *Boyle* (81 N. Y. 305, 308) and *Mowry* v. *Peet* (88 id. 453), and that consequently the power to issue a commission in an action did not extend to it. *Roe* v. *Boyle* decided that such a reference being a special proceeding, an appeal from an order made therein was governed by the provisions of the Code expressly applicable to orders in special proceedings.

In *Mowry* v. *Peet* it was held that in such a proceeding there was no power in the referee or in the court to render an affirmative judgment against the claimant on a counter-claim, for the reason that on such a reference the only question submitted to the referee was whether the claimant had a just claim against the estate of the deceased, over and above all offsets, and, although in trying and adjudicating upon those matters which were within the scope of the reference, the statute (2 R. S. 88, § 36) conferred upon the referee and the court the same powers as if the reference had been made in an action, yet the proceeding was not an action, and no power was given to render an affirmative judgment for the executors against the claimant or to certify a balance in their favor. As to the powers of the court and referees in such a proceeding, with respect to the determination of the matter in controversy, the terms of the statute are very broad.

Section 36 provides for the entry of a rule in the Supreme

Court or Court of Common Pleas referring the matter in controversy, and section 37 provides that " the same proceedings shall be had *in all respects ;* the referee shall have the same powers  *  *  *  as if the reference had been made in an action in which such court might by law direct a reference," and the judgment of the court on the report of the referees shall be valid and effectual in all respects as if the same had been rendered in a suit commenced by the ordinary process.

We think this provision is sufficiently broad to authorize the issue of a commission to take testimony out of the State. The necessity for such process is quite as great as in an action, and neither the executor nor the claimant should be deemed to have forfeited that advantage by consenting to such a reference. It is to a certain extent compulsory so far as costs are concerned. (§ 41.)

The cases of *Wood* v. *Howard Ins. Co.* (18 Wend. 646) and *In re Whitney* (4 Hill, 533) are cited as authorities for the proposition, that the provision that in cases of reference of disputed claims against executors, etc., the same proceedings shall be had in all respects, and the referees shall have the same powers as if the reference had been made in an action (2 R. S. 89, § 37), is not sufficient to authorize the issuing of a commission. We do not think that the cases cited sustain the proposition. The references in those cases were governed by the statute in relation to the powers and duties of trustees and assignees of absconding and insolvent debtors. (2 R. S. 40.) That statute authorized the reference of controversies relating to demands against, or debts due to, the debtor, and it provided (2 R. S. 45, § 24) that the *referees* so appointed should have the same powers as referees appointed by the Supreme Court in personal actions. That provision clearly did not affect the power of the court to issue a commission. It related solely to the powers of the referees.

The statute in respect to references of disputed claims against executors, etc., is much more comprehensive. It not only provides that in cases of such references the *referees* shall have the same powers, but it contains the further express pro-

vision that "the same proceedings shall be had in all respects" as if the reference had been made in an action.   We think this includes the proceeding by commission to obtain the testimony of absent witnesses.

The order should be affirmed with costs.

All concur.

Order affirmed.