Ingraham, J.
By section 3333 of the Code, an action is defined to be, “ An ordinary prosecution in a court of justice by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offence,” and by section 3334 of the Code it is provided," That every *43 other prosecution by a party for either of the purposes specified in the last section is a special proceeding.”
By section 416 it is provided that the civil action is commenced by the service of a summons.
This proceeding not having been commenced by the service of a summons, is not an action. It is however a prosecution in a court of justice by a party against another party for the enforcement of a right and is a special proceeding within section 3334 of the Code above cited.
Section 3240 provides that costs in a special proceeding may be awarded at the rate allowed for similar services in an action brought in the supreme court.
The court of appeals in this case having awarded to the successful party costs in all courts, it would appear that he is entitled to costs at the rate allowed for similar services in an action.
The provisions by which the court has power to award motion costs do not apply. Such costs are allowed under subdivision 3 of section 3251, which provides that upon any motion specified in section 3236, a sum to be fixed by the judge or court not' exceeding $10 besides necessary disbursements for printing and Referee’s fees, may be awarded. Section 3236 refers to costs upon a motion in an action.
In this case there was no action but a special proceeding, the order that was appealed from and which was reversed was a final order requiring the defendant to pay a sum of money.
It is true that the order committed the defendant as for a contempt in case he refused to pay, but the proceeding was not a motion in an action to punish for a contempt committed by refusal to obey an order in the action.
I think therefore that the taxation of the clerk must be set aside and the clerk directed to tax the costs as in an. action.
*44 The clerk was right in refusing to tax as a disbursement the fees of the chamberlain on deposit of the sum as security to stay proceedings on appeal. That was not a disbursement in the proceeding.
Motion granted as indicated with $10 costs of this motion.
Note on the Distinction between Actions and Special Proceedings.
The original distinction between actions and special proceedings is very well understood. The Code says, that an action is an “ ordinary prosecution,” etc., but “ ordinary ” needs definition even more than action. It means that form of prosecution where the claimant has a right to issue summons to answer a complaint stating the facts constituting the cause of action, and defendant has a right to take issue or set up his facts in defense or counterclaim, and either party may require a trial and a judgment, enforcible by execution ; as distinguished from those forms where the statute or the court prescribes other means of bringing in the defendant, or presenting the facts and formulating the decision and its enforcement.
Practically the only difficulty in the distinction is introduced by our complex statutes which have half obliterated the lines between them, by transformations from one category into another and back again. Even this would be of little importance, were it not that there are some very substantial differences between our rights in prosecuting an action, and our rights in prosecuting a special proceeding. The regulations differ more or less in regard to the service of some papers, the subjects of motions and orders, subpoenas, depositions, discovery of books and papers, amendment, abatement and continuance, and in some cases as to appeal and costs. Hence, the following suggestion of the points of departure may be useful.
The ordinary proceedings in an action sometimes branch out into a special proceeding, and in pursuing that branch the practitioner must not forget that he has crossed the line of demarcation.
On the other hand there are a number of special proceedings which at one stage or another are, so to speak, transmuted into actions, or subjected to the regulations applicable to actions, by reason of special provisions of statutes which, with the innocent intention of simplifying the practice, declare sometimes in one form and sometimes in *45 another, that a special proceeding shall be from such a point, or in such a respect subject to the provisions regulating actions.
The following references to the principal contrasts will serve as a convenient starting point for investigating the practical limits of the distinction in reference to all important matters.
There are some other special provisions peculiar to particular proceedings, which it would only confuse to notice here, the present object being to draw the general distinction, in the light of which to read special statutory provisions as to any particular proceeding, and decisions in the practice in any particular proceeding.

Notes oti statutes and cases.

Abatement and continuance in case of actions is regulated by Code Civ. Pro. §755-765.
Special proceedings are not within these provisions (Matter of Palmer, 43 Hun, 572 ; Matter of Roberts, 53 Id. 338 ; Matter of Barney, 53 Id. 480; compare People ex rel. Fairchild v. Coms. of Brooklyn, 105 N. Y. 674),—not even when in the surrogate’s court, (Herbert v. Stevenson, 3 Dem. 236, s. c., 1 How. Pr. N. S. 64).
But a special proceeding by or against an officer, receiver or other trustee, does not abate on his death or removal, the rule on that point being the same as in an action, § 766.
Amendments in actions are regulated by Code Civ. Pro. § 721-728.
Amendments in special proceedings in the four main courts or classes of court, (supreme, superior, city, county, and New York city), are regulated by the same provisions (§ 3347, subd. 6; and § 1997 as to State writs and amendments in special proceedings in all other courts of record, a term which now includes surrogates courts), are regulated by the same provisions, (id. and § 2538) ; (condemnation proceedings § 3368). § 723 as to amending, as to parties and .pleadings is applicable to all courts, § 3347, subd. 6.
For the purpose of appeal to general term an order made in a summary application after judgment in an action, is deemed to have been made in the action (§ 1347).
The rules as to costs in actions, and security for costs are - applied approximately in special proceedings, (§§ 3240, 3379).
Depositions de bene esse, and depositions taken without the State and examination of parties before trial, are allowed only in actions by §§ 879, etc., § 887, etc., and the statute is extended to special proceedings in surrogate’s courts, (§ 2538, contra Estate of McCoskry, 5 Denn. 256, s. c., 10 Civ. Pro. R. 178).
*46 Otherwise they are not allowable in special proceedings (Matter of an attorney, 83 N. Y. 164) ; unless it may be that § 805, as to taking an affidavit for use on a motion, applies to special proceedings ; or at least to special proceedings commenced by State writ—such as habeas corpus, mandamus, prohibition, etc., (§1997).
The regulation as to discovery of books and papers, (§ 803-809), purport to apply only in actions and in special proceedings in surrogates courts, (§ 2538, but compare as to surrogates courts, Matter of Stokes, 28 Hun, 564, aff’g. 5 Redf. 586).
The provisions of the general statute of limitations of actions, are now expressly made applicable to special proceedings, § 414..
Motions and orders, in actions, are regulated in a general way by § 767-769.
Motions in special proceedings in the four main courts or classes of courts, are subject to the same provisions so far as applicable (§ 3347, subd; 6; § 1999, as to State writs). As to notice of motion, and enlarging time see §§ 781-784, which, so far as express words of the statutes go, only apply in actions, and in proceedings commenced by State writ, § 1999, compare § 3347, first clause and subd. 6.
Preferences on the calendar are subject to one system of regulation, (§§ 789-795)-
Service of summons in an action cannot be made by a party to the action, Code Civ. Pro. § 425. And so also of the old common law special proceedings, now preserved under the name of State writ, such as habeas corpus, mandamus, prohibition, assessment of damages, and certiorari (1999), and condemnation proceedings (3362).
Service of the corresponding process by which other special proceedings are commenced, such at least as a citation in the surrogates court, may be served by the party.
Service of other papers is regulated for actions by §§ 796-802, and these regulations, although expressly applicable only to actions and in the main courts, (3347, subd. 6), and to special proceedings in the surrogates courts, (§ 2538) ;—and to condemnation proceedings, (§ 3364).
Subpoena in an action issues out of the court (Code Civ. Pro. § 852), and disobedience is punished by proceedings for contempt (§ 853), to be taken as prescribed in §§ 9-16, and §§ 2266, etc., viz., by an order in the action, or by a new “ special proceeding ” branching out from the action.
Subpoena in a special proceeding is issued by the judge, arbitrator, referee or other person, board or committee, before whom the proceeding is had, (§ 854), and disobedience is punished by proceedings before *47 such person if he be a judge, if not, by proceedings before any judge ■of such court, (§ 856).
Supplementary proceedings to enforce judgment, are now special proceedings, § 2433.
The courts had just settled that supplementary proceedings were proceedings in the action thus placing the jurisdiction on a fair and usually secure foundation, Wright v. Nostrand, 94 N. Y. 31, rev’g, 47 Super. Ct. (J. & S.) 441, when the revisers, for some reason not generally appreciated, transformed them, by a word, into special proceedings, (§ 2433), so that subpoenas therein .must now be issued by the judge or referee. People ex rel. Jacobs v. Ball, 37 Hun, 245; Howe v. Welch, 11 Civ. Pro. R. 444; Knowles v. Dehazare, 8 Id. 386.
A judg7nent obtained by confession, § 1276, or by an arbitration under the statute, (§ 2380) is to be treated in all respects as if recovered in an action.
Contest as to leave to issue execution on a judgment, a special proceeding. Ithaca Agric. Works v. Eggleston, 106 N. Y. 272.
In 77ia7ida7nus the regulations for actions, in respect to pleadings and issues of fact and of law, are to a considerable extent expressly made applicable, (§ 2076, 2077), and, after issue joined, the proceedings .are in general the same as in an action, (§ 2082, etc).
A proceeding on originalpetitio7i though not an action, may end in .a judgment enforcible like a judgment in an action, rule No. 27, Greenfield v. Mayor, etc. of N. Y., 28 Hun, 320.
In prohibition ; the proceedings to try a question of fact may be ordered to be as in an action, § 2099.
The statutory refere7ice of a claiTn against the estate of a decedent, .though it may be entitled and tried, and depositions taken (Paddock v. Kirkham, 102 N. Y. 597), as in an action, is nevertheless a special proceeding, (Paddock v. Kirkham, 102 N. Y. 597), and to be reviewed as such (Roe v. Boyle, 81 N. Y. 305; Denise v. Denise, 41 Hun, 9; but see Hatch v. Stewart, 42 Id. 164; Eighmie v. Strong, 49 Id. 16.
The statutory reference of a claim by or against an insolvent corporation in the hands of a receiver, may end in a judgment enforcible like a judgment in an action, Austin v. Rawdon, 42 N. Y. 155.
A sub7nission of co7itroversy upon agreed facts, is from the filing of the submission an action, except that arrest, injunction or attachment cannot be granted; and the trial is by the court at general term, (§ 1281).