ARTHUR I. GRIGGS, Plaintiff, *v.* JOHN S. BROOKS and Others, Defendants.

*General Term — laches in questioning its jurisdiction or the regularity of its procedure — it has no power to grant an extra allowance — substitution of an attorney — compensation of attorney — how determined.*

It is too late, after the lapse of ten years, to question the jurisdiction of the General Term of the Supreme Court to render a judgment or the regularity of its procedure on a motion to vacate such judgment, if it has remained unquestioned during such period, and no fraud or mistake is alleged against it, and no claim is made that the person against whom it was rendered did not understand its full scope and effect.

The General Term has no power to grant an extra allowance to the successful party upon a reference to determine the amount of compensation due from a party to an action to his attorney therein, but where an order granting an extra allowance in such proceeding has stood unquestioned for upwards of ten years it is too late thereafter to change it.

Where an attorney, who had an alleged claim against his client, a party to an action, accepted the terms of an order made in such action, which were a con-

dition to the granting of his client's motion for leave to substitute another attorney therein, and submitted his claim to the determination of a referee, although he might have brought an action for the same, and where such referee was appointed and his report confirmed upon the motion of such attorney, by thus acquiescing in the proceeding and submitting himself to the jurisdiction of the court he has waived the right to question the power which he invoked in his own behalf.

The General Term of the Supreme Court has power to change an attorney upon the application of his client, under the provisions of rule 10 of the General Rules of Practice, and it also has the power, upon the application of the attorney, to determine the compensation to be made to him, by means of a reference, and upon the determination of the amount due by the referee judgment may be awarded therefor to the successful party.

MOTION made by Danforth Becker on the 14th day of May, 1894, for an order vacating, canceling and setting aside a judgment and order of the Supreme Court in favor of the plaintiff and against the said Danforth Becker, who was the plaintiff's attorney in the above-entitled action, entered in the office of the clerk of the county of Kings on the 6th day of June, 1883, upon the report of a referee.

*Frederick A. Ward,* for the motion.

*George Tiffany,* opposed.

BROWN, P. J.:

Upon the commencement of this action Danforth Becker was the attorney for the plaintiff. In November, 1881, the plaintiff made application to the court for leave to substitute a new attorney in Becker's place. That application was granted upon condition that the plaintiff give a bond to pay any sum found to be due to Mr. Becker. The bond was given and a referee appointed to determine the amount due to the attorney for costs, counsel fees and disbursements.

Both parties appeared before the referee and the question of the attorney's compensation was litigated. The referee made his report and it was confirmed with some modifications upon Mr. Becker's motion. He was allowed two motion fees as costs, and as disbursements the referee's fees, stenographer's fees, witness fees and expense of serving subpœnas.

The plaintiff was directed to pay such compensation and costs and disbursements within ten days, and in default of payment

Becker had leave to apply to the court for such process to enforce payment as the court should award.

The plaintiff appealed to the General Term, where the order of the Special Term was reversed, and upon such reversal the plaintiff was allowed the same costs that had been allowed Becker by the Special Term, together with his disbursements on the reference, his costs and disbursements upon the appeal, and an extra allowance of $100, and it was directed that he have judgment for such amounts, to be taxed by the clerk, and costs having been taxed judgment was thereupon duly entered.

An appeal to the Court of Appeals was taken from this order by Mr. Becker, but subsequently withdrawn.

Thereafter Mr. Becker removed from this State to Wisconsin, and in 1892 the plaintiff sued Becker in the Superior Court of Milwaukee county in that State upon the judgment entered against him, and recently the Supreme Court of that State has decided against Becker, and directed judgment in favor of the plaintiff for the amount of the judgment rendered against him in this court, with interest.

The motion now made should be denied. The judgment rendered in this court has been permitted to stand unquestioned for upwards of ten years. No fraud or mistake is alleged against it. Neither is there any claim or pretense that Mr. Becker did not understand its full scope and effect.

Having assailed its validity in the courts of Wisconsin and been finally beaten, he now returns to this court to attack its jurisdiction and the regularity of its procedure. It is too late now to raise these questions. The record shows that, upon the hearing of the motion to confirm the referee's report, the plaintiff questioned the jurisdiction of the court on that proceeding to determine the amount due to Becker, and the objection was overruled. Having then successfully opposed that contention, and caused the court upon his motion to confirm the report, he cannot now, when the final decision has gone against him, be permitted to assert that the objection was well taken.

With the exception of the allowance of $100 the order of the General Term meted out to the plaintiff the same justice which at the Special Term had been awarded to the attorney, and while I am

of the opinion that the General Term had no power to grant the extra allowance, the order has stood unquestioned too long to now change it.

Mr. Becker was not bound to accept the conditions of the order and submit his claims to the determination of the referee.

He might have brought an action for the sum due him had he so desired. But the referee was appointed and the report confirmed upon his motion. He thus acquiesced in the proceedings, and submitted himself to the jurisdiction of the court, and it does not lie with him now to question the power which he invoked in his own behalf.

The power of the court to change an attorney upon the application of the client is not debatable. It is provided for by rule 10 of the General Rules of Practice.

The court also has power, upon the application of the attorney, to determine the compensation to be made to him in the summary manner adopted in this case. (Code Civ. Proc. § 1015; *In re Knapp*, 85 N. Y. 284–297; *Greenfield* v. *The Mayor*, 28 Hun, 320.)

And upon the determination of the amount due judgment may be awarded therefor to the successful party. (*Austin* v. *Rawdon*, 42 N. Y. 155; *Greenfield* v. *The Mayor*, *supra;* rule 27, General Rules of Practice.)

There is no merit in the application, and it is denied, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Motion denied, with costs and disbursements.