Richard R. Roe, Appellant, *v.* James Boyle et al., Executors, etc., Respondents.

A proceeding by reference under the statute to determine and enforce a disputed claim against an estate is not an action but a special proceeding.

An order of General Term granting a new trial in such proceedings is not appealable to this court; it is not a final order, and in a special proceeding no appeal to this court is authorized except from a final order. (Code of Civil Procedure, § 190.)

(Argued April 28, 1880; decided June 1, 1880.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of plaintiff entered upon an order confirming the report of a referee, and directing judgment in accordance therewith.

The nature of the proceeding and the facts appear in the opinion.

*Douglas Campbell* for appellant.

*John H. Bergen* for respondents.

EARL, J. The plaintiff is the assignee of a claim against the estate of Francis McNeely, deceased. The claim was presented to the executors, disputed and referred under the statute. The referee reported in favor of the plaintiff, and judgment was entered upon such report. The defendants then appealed to the General Term of the Supreme Court, and there the judgment was reversed and a new trial ordered. A new referee was then appointed at the Special Term, and the case was again brought to trial, and the new referee again reported in favor of the plaintiff. The report was confirmed at Special Term, and judgment entered thereon for the plaintiff. The defendants again appealed to the General Term, and the judgment was there reversed and a new trial ordered at the Circuit. The plaintiff then appealed to this court from the order granting the new trial, giving stipulation that in case of affirmance judgment absolute should be rendered against him.

It does not appear that any question was made in the court below as to the practice therein, and none can be made here. We must assume that it was regular, and that the judgment was regularly entered, appealed from and reversed.

The point which first comes to our notice touches the appealability of the order granting the new trial. It was not mentioned on the argument before us, and the counsel who argued seemed to assume that the order was appealable. But we cannot ignore the point. If the appeal was not authorized we ought not to entertain it.

This proceeding to determine and enforce payment of this disputed claim is not an action, but a special proceeding, as defined in the Code. (Old Code, §§ 2, 3.) A civil action is defined to be an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, or for the redress or prevention of a wrong. Every other civil remedy is defined to be a special proceeding. An action is commenced by the service of a summons, in some one of the modes prescribed by law, and it is plain that no proceeding can be an action unless it be such that it can be commenced by the service of summons on the oppo-

site party; and pleadings — that is, the allegations of the cause of action on the one side, and, unless there be default, of the defense upon the other — are incidents to every action.

This is not an ordinary proceeding. It is specially regulated by statute. (2 R. S. 89, 90.) It cannot be commenced by summons. It can only be commenced by the consent of the parties and the approval of the surrogate. It can be tried in no other way than before a referee. There are no pleadings, and the representatives of the estate proceeded against can prove against the claim any defense which. they have without pleading it in any form.

Such proceedings are not made actions because they may result in judgments. Chapter 270 of the Laws of 1854, enacted to provide for appeals in special proceedings, authorized appeals from judgments in such proceedings; and provisions contained in titles 4 and 5 of chapter 12 of the Code of Civil Procedure, take the place of the provisions contained in that chapter.

And this has been generally, if not uniformly, regarded as a special proceeding, by judges who have had occasion to consider the point. (*Robert* v. *Ditmas*, 7 Wend. 522; *Boyd* v. *Bigelow*, 14 How. Pr. 511; *Godding* v. *Porter*, 17 Abb. Pr. 374; *Coe* v. *Coe*, 37 Barb. 232; *Somerville* v. *Crook*, 9 Hun, 664.)

The jurisdiction of this court is defined in sections 190 and 191 of the Code, and unless authority for this appeal can be found there, it does not exist. Section 190 is the one conferring jurisdiction, and that provides that " the Court of Appeals has exclusive jurisdiction to review, upon appeal, every actual determination made at a General Term, by the Supreme Court, or by either of the Superior City Courts, in either of the following cases, and no others." And then follow three subdivisions, the first two of which relate exclusively to actions. Subdivision 1 relates to appeals from final judgments in actions, and subdivision 2 relates to appeals from orders made in actions. Subdivision 3 relates to appeals from orders made in special proceedings, and authorizes appeals from final orders in such proceedings. No appeal to this court in special pro-

ceedings is authorized, except from final orders in such proceedings. Is the order here appealed from such an order? An order granting a new trial is plainly not a final order. Section 191 simply limits the right of appeal conferred by the prior section. An order granting a new trial in a special proceeding is not appealable.

The appeal to this court is, therefore, unauthorized. The provision in the order that the new trial is to be had at the Circuit was doubtless inserted by inadvertence and will undoubtedly be stricken out in the court below, when attention is called to it. This, being a special proceeding, must be conducted in the mode prescribed by the statute, and that contains no authority for any trial except before a referee.

The appeal should be dismissed, with costs.

All concur; MILLER, J., concurring in result.

Appeal dismissed.