ALBERT L. MOWRY, Appellant, *v.* GEORGE G. PEET et al.,
Executors, etc., Respondents.

Upon a reference under the statute (2 R. S. 88, § 36) of a disputed claim
against the estate of a deceased person, neither the referee nor the court
has power to render an affirmative judgment against the claimant upon
a counter-claim in favor of the personal representatives; they can only
avail themselves of a set-off or counter-claim to the extent necessary to
extinguish the demand of the claimant.

As to whether they can divide their claim by so setting off a part and
bringing action for the residue, *quære.*

So, also, *quære* as to the effect of a judgment in favor of the claimant

if the counter-claim is withheld or withdrawn and afterward an action brought thereon.

Such a reference is not an action but a special proceeding.

*It seems* that where a demand exists in favor of the estate against the claimant exceeding his claim, the proper course is for the personal representatives to bring an action, or to put the claimant to an action.

(Argued January 27, 1882 ; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 30, 1881, which modified, and affirmed as modified, a judgment in favor of defendants, entered upon the report of a referee upon a reference under the statute of a disputed claim against the estate of Eleazer Peet, defendants' intestate.

The defendants set up a counter-claim, and the referee decided that defendants were entitled to an affirmative judgment for $20,074.12. The report was confirmed by the Special Term, and judgment was ordered and entered against the claimant for said sum.

*William Allen Butler* for appellant. The obligation arising on the loan to the decedent was separate and distinct from all other matters in question between Mr. Mowry, and the decedent, or his estate, and could be determined without going into the accounts of the partnership in which they had been concerned. (*Crater* v. *Bininger*, 47 N. Y. 545.) The agreement was made between Mr. Mowry, and the executors set in motion a special proceeding and not an action. (*Roe* v. *Boyle*, 81 N. Y. 305.) The provisions of the Code as to actions do not apply to special proceedings. (Code Civ. Pro., §§ 3333, 3334, 3347 ; *Roe* v. *Boyle*, 81 N. Y. 305.) It was error to undertake to give effect to the " counter-claim " of the executors in this proceeding beyond its operation as an extinguishment of the creditor's claim by way of set-off. (Code Civ. Pro., §§ 487, 500, 501, 502, 507, 509, 514, 974 ; *Eq. Life Ins. Co.* v. *Cuyler*, 75 N. Y. 511, 514 ; *Bates* v. *Rosekrans*, 37 id. 409, 412.) The fact that distinct issues might arise on the creditor's claim and

denial, and on the executors' counter-claim, if properly pleaded, and the creditor's denial is immaterial. There may be two trials in the same action, if necessary. (*Sternberger* v. *Mc-Govern*, 56 N. Y. 12; *Kain* v. *Delano*, 11 Abb. [N. S.] 29.) The objection of want of jurisdiction in the referee to direct, and of the court to enter judgment beyond an extinguishment of the claim, is one which may be made at any time, and which the court would take cognizance of even against the consent or waiver of parties. (*Gracie* v. *Sheldon*, 3 Barb. 232; *Cromwell* v. *Cunningham*, 4 Sandf. Ch. 384; *Ex parte Livingston*, 34 N. Y. 555; *Mills* v. *Brown*, 16 Pet. 525.)

*E. L. Fancher* for respondents. This was, according to the Code of Civil Procedure, a special proceeding. (*Somerville* v. *Crook*, 9 Hun, 664; *Roe* v. *Boyle*, 81 N. Y. 305.) The referee has the same power as in an ordinary reference. (3 R. S. [6th ed.] 97.) No pleadings are necessary. (*Munson* v. *Howell*, 20 How. Pr. 60; *Roe* v. *Boyle*, 81 N. Y. 305; Dayton on Surrogates, 389; *Tracy* v. *Suydam*, 30 Barb. 310.) In such a proceeding, executors may establish and recover a claim against the plaintiff. (*Hendrickson* v. *Dickson*, 19 Hun, 290; *Jennings* v. *Webster*, 8 Paige, 503; Waterman on Set-off, § 454; 3 R. S. [6th ed.] 616, § 19; id. 615, § 16.) The claim which constituted the set-off was a single and entire demand. It was one cause of action, in respect of which no suit could be brought for a portion without waiving the claim to the residue. (*Secor* v. *Sturgis*, 16 N. Y. 554; *Farrington* v. *Payne*, 15 Johns. 432; *Smith* v. *Jones*, id. 229; *Phillips* v. *Berick*, 16 id. 137; *Miller* v. *Covert*, 1 Wend. 487; *Guernsey* v. *Carver*, 8 id. 492; *Stevens* v. *Lockwood*, 13 id. 644; *Colvin* v. *Corwin*, 15 id. 557; *Bendenagle* v. *Cocks*, 19 id. 207.) The order to bring in Charles B. Peet was proper, and within the discretion of the court. (*Cummings* v. *Morris*, 25 N. Y. 631; Code of Procedure, § 1337; Code of Civil Procedure, § 190, subd. 3.) An equitable defense can be interposed to a legal claim. (*Phillips* v. *Gorham*, 17 N. Y. 275; *Dobson* v. *Pierce*, 2 Kern. 156; *Crary* v. *Goodman*, id. 266;

Code, § 507; *Gage* v. *Angell,* 8 How. Pr. 335; *Clift* v. *Northrup,* 6 Lans. 630; *Wisner* v. *Ocumpaugh,* 71 N. Y. 117; *Cummings* v. *Moore,* 25 id. 631.) The set-off, here, was of a liquidated certain demand, separated from the partnership accounts, and was properly allowed by the referee. (*Beach* v. *Hotchkiss,* 2 Conn. 425; Wood's Collyer on Partnership, §§ 257, 266; *Wetmore* v. *Baker,* 9 Johns. 307; *Champion* v. *Bostwick,* 18 Wend. 152.) For debts contracted since the dissolution, the firm number two were not liable, and E. Peet had no concern therewith. (*Smith* v. *Ayer,* 9 Rep. 635; U. S. Sup. Ct.; *Burwell* v. *Mandeville's Ex'rs,* 2 How. [U. S.] 560; *Ex parte Garland,* 10 Ves. 110; *Ex parte Richardson,* 3 Madd. 138; *Pitkin* v. *Pitkin,* 7 Conn. 307; *Zucht* v. *Berhens,* 28 Ohio St. 238; Story on Partnership, 115, §§ 66–70; 2 Am. L. Rev. 17.)

*Per Curiam.* We are of opinion that upon a reference under the statute, of a disputed claim against the estate of a deceased person, there is no power either in the referee or the court to render an affirmative judgment against the claimant, upon a counter-claim, in favor of the executors. The question in controversy which is submitted to the referee on such a reference is, whether the claimant has a just claim against the estate of the deceased, and for the purpose of determining this question the referee may consider and pass upon any defense, legal or equitable, and any offset which the executors, etc., may give in evidence for the purpose of reducing or extinguishing the demand of the claimant. In trying and adjudicating upon these matters, which are within the scope of the reference, the statute (2 R. S. 88, § 36) confers upon the referee and the court the same powers as if the reference had been made in an action. But the proceeding is not an action (*Roe* v. *Boyle,* 81 N. Y. 305), and no power is conferred to render an affirmative judgment therein for the executors and against the claimant, or to certify a balance in their favor and render judgment therefor, and we know of no precedent for such a judgment.

If the executors have a demand against a claimant, exceed-

ing the amount claimed by him, they cannot resort to this special proceeding for its recovery. Their proper course for the accomplishment of that purpose is either to bring their own action, or to put the claimant to an action and not to agree to refer under the statute. The provisions of the Code in respect to counter-claims cannot be complied with in this proceeding, and no mode is therein provided for setting up, or giving notice of a claim for affirmative relief against the claimant, or for bringing in additional parties. The claimant, when he consents to refer, is not notified that he thereby subjects himself to an affirmative judgment against him, or that such a judgment will be sought, and it may be that he would not have consented to the reference had he been informed that it might be attended with such a result.

The executors can undoubtedly avail themselves of their setoff or counter-claim, to the extent necessary to extinguish the demand of the claimant. What effect their so doing would have upon an action afterward brought by them for the residue (if any) of their claim, and whether they could divide their claim by setting off part and bringing an action for the residue, it is not necessary now to consider. Nor need we now determine what effect a judgment in favor of the claimant would have if the executors should withhold or withdraw their counter-claim from the consideration of the referee and afterward bring a separate action therefor. But in view of the difficulties arising from these doubts, probably the safer course for the executors in the present case would be to commence an action upon their counter-claim, and stay or enjoin proceedings on the reference until the determination of such action.

It is entirely optional with the executors whether or not to agree to such a reference. It involves the questions only of delay and costs, and if they desire to prosecute a demand against the claimant they cannot well avoid that inconvenience and risk.

The absence of any precedent for a judgment, or application for a judgment of the description now appealed from, strongly

indicates the understanding of the profession that it is not within the scope of the statute.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.