GEORGE W. EIGHMIE, RESPONDENT, *v.* MARY S. STRONG AND OTHERS, EXECUTORS, ETC., OF JOHN C. STRONG, DECEASED, APPELLANTS.

*Reference of a claim against a decedent's estate — motion for a new trial, on a case and exceptions, after the confirmation of the referee's report.*

Where a reference of a disputed claim against a decedent's estate has been had, and the report of the referee has been confirmed on motion and judgment has been entered thereon for the claimant, a motion for a new trial may be made at Special Term, on behalf of the decedent's estate .upon a case and exceptions, and from an order denying such motion an appeal lies.

*Semble,* that it is the more general practice to make such motion for a new trial at the time that the motion is made to confirm the report of the referee.

APPEAL from an order of the Erie Special Term, denying a motion for new trial, made on a case and exceptions.

*James C. Strong,* for the appellants.

*M. M. Southworth,* for the respondent.

HAIGHT, J. :

This was a reference under the statute to determine a disputed claim presented against the estate of John C. Strong, deceased. The referee found in favor of the plaintiff, and thereupon a motion was made at the Niagara Special Term for confirmation of the referee's report and for judgment, which motion was granted. Thereafter the defendant caused a case containing exceptions to be made and settled, and then moved, at the Erie Special Term, upon such case and exceptions, for a new trial, which was denied, and from that order this appeal was taken. It is now claimed that a motion for new trial could not be made upon a case and exceptions after the referee's report had been confirmed; and the cases of *Denise* v. *Denise* (41 Hun, 9), and *Hatch* v. *Stewart* (42 Hun, 164), are relied upon to sustain such claim. Nothing, however, of the kind was held in those cases.

In the case of *Denise* v. *Denise,* the question was whether the Special Term had power to review the report of a referee upon an alleged error in a finding of fact or ruling upon the law, under section 1002 of the Code of Civil Procedure; and we held that a

disputed claim presented against the estate of a deceased person under the statute, was a special proceeding (*Roe* v. *Boyle*, 81 N. Y., 305), and that motions for new trial, provided for by section 1002 of the Code, had reference to motions in actions, and that the section had no application to special proceedings; that appeals could not be taken from the judgment under section 1346 of the Code, but must be taken under sections 1356 and 1357 of the Code; and the case of *Young* v. *Cuddy* (23 Hun, 249) was only criticised in so far as it held that an appeal in special proceedings of this character could be taken from the judgment under section 1346 of the Code. The case of *Hatch* v. *Stewart* was to the same effect, and nothing in either case holds that a motion for new trial cannot be made upon a case containing exceptions in a special proceeding of this character.

The statute provides that " If the executor or administrator doubt the justice of any claim so presented, he may enter into an agreement in writing with the claimant to refer the matter in controversy to three disinterested persons or to a disinterested person to be approved by the surrogate; and, upon filing such agreement and approval of the surrogate in the office of the clerk of the Supreme Court in the county in which the parties, or either of them reside, a rule shall be entered by such clerk, either in vacation or term, referring the matter in controversy to the person or persons so selected. The referees shall thereupon proceed to hear and determine the matter and make their report thereon to the court in which the rule for their appointment shall have been entered. * * * And the court may set aside the report of the referees or appoint others in their places and may confirm such report and adjudge costs as in actions against executors; and the judgment of the court thereupon shall be valid and effectual in all respects as if the same had been rendered in a suit commenced by the ordinary process." (3 R. S. [7th ed.], 2299, 2300, §§ 36, 37.)

It will be observed that the statute gives to the court the power to set aside the report of the referees and to appoint others in their places, as well as the power to confirm the report and order judgment accordingly. Whilst the power is given by the statute the practice is not prescribed. That has been left for the determination

of the courts. It is the customary and usual practice for the prevailing party to move at Special Term for a confirmation of the report. The motion being based upon the report, the only questions brought up for review are the regularity of the proceedings and whether the conclusions of law are sustained by the findings of fact appearing in the report. The rulings made upon the hearing in the admission and rejection of evidence and questions as to whether the evidence sustains and justifies the findings of fact, can only be brought up upon a case containing exceptions. It is the usual and customary practice for the defeated party to move upon a case containing exceptions for a new trial at the same time that the motion is made for a confirmation of the referee's report, so as to have all of the questions determined in the one motion, and this is doubtless the better practice. But we think the motion for new trial upon a case and exceptions may be made after the referee's report has been confirmed. Such has been the approved practice of our court and we see no reason why it should be changed. (*Somerville* v. *Crook*, 9 Hun, 664; *Young* v. *Cuddy*, 23 id., 249; *Schreyer* v. *Holborrow*, 26 id., 468.) We are thus brought to the consideration of the case upon the merits. * * * (Here follows a discussion of the facts of the case.)

The order should, therefore, be reversed, and the motion to set aside the referee's report and for a new trial before another referee granted, costs to abide the final award of costs.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.

Order reversed and motion to set aside referee's report, and for a new trial before another referee granted, costs to abide the final award of costs.