THE PEOPLE ex rel. FRANKLIN N. WRIGHT, Appellant, *v.*
REUBEN WILLARD, Respondent.

In an action in the nature of a *quo warranto* brought by the attorney general
to oust the defendant from the office of trustee of a village, in which it
was alleged he had unlawfully intruded and from which he had excluded
the relator, the relief demanded was a judgment of ouster and for
restoration of the relator to office.   It appeared that no compensation or
perquisites are attached to the office in question.   A judgment was ren-
dered granting the relief asked for.   The General Term reversed the
judgment and dismissed the complaint.   The relator appealed to this
court without obtaining from the General Term an order allowing the
appeal.   Upon a motion to dismiss the appeal, *held*, that, as the matter
in controversy was less than $500, the case was not appealable.   ·(Code
of Civil Pro. § 191, sub. 3.)

*It seems* that had it been made to appear that the relator had suffered
damage to the amount of $500 by his exclusion from the office, the
appeal would have been authorized.

(Argued October 2, 1888; decided October 9, 1888.)

MOTION to dismiss appeal from judgment of the General
Term of the Supreme Court in the third judicial department,

entered upon an order made the first Tuesday of February, 1887, which reversed a judgment in favor of plaintiff and directed judgment dismissing the complaint.

The following is the *mem.* of opinion:

This action is in the nature of *quo warranto*, and was brought by the attorney general in the name of the People of the State on the relation of Franklin N. Wright to oust the defendant, Reuben Willard, from the office of trustee of the village of Northville, county of Fulton, in which office it is alleged he had unlawfully intruded, and therefrom had excluded the relator. The relief demanded in the complaint is for judgment of ouster against the defendant and also for restoration of the relator to the office. No other relief aside from costs is demanded. The action was tried by the court without a jury at a Special Term, and the trial resulted in a judgment in favor of the plaintiff and against the defendant adjudging the relator to be entitled to the office and that the defendant was not entitled thereto, and giving costs against him. From that judgment the defendant appealed to the General Term of the Supreme Court, which reversed the judgment and dismissed the complaint, with costs. The plaintiff then appealed to this court. No order was obtained from the General Term allowing the appeal, and this motion is made under subdivision 3 of section 191 of the Code, to dismiss the appeal upon the ground that the matter in controversy is less than $500.

"It appears that a trustee of Northville is not entitled to any compensation or salary for his official services, and that there are no perquisites connected with his office, and that no pecuniary consideration is involved in this controversy. The case is, therefore, brought within the subdivision cited. The language of the subdivision is broad and sweeping, and absolutely forbids an appeal to this court from any judgment if the matter in controversy, excluding costs, be less than $500, unless the action is one affecting the title to real property, or some interest therein; and the further provision that the General Term may make an order allowing the appeal is intended to provide, besides cases where the pecuniary value

in controversy is less than $500, for those involving important public or private interests which cannot be measured by any pecuniary standard.

"If it had been made to appear that the relator had suffered damages amounting to $500 by his exclusion from office, or that he would be entitled to recover such damages in an action under section 1953 of the Code, the appeal would be authorized. But upon the facts, as they appear before us, the relator has suffered no pecuniary damages, and could not in any event recover damages in an action commenced under that section.

"We have, therefore, no alternative but to dismiss the appeal, and it should so be ordered, with costs in all the courts."

*Lee S. Anable* for motion.

*Charles F. Tabor*, attorney-general, opposed.

EARL, J., reads *mem.* for granting motion.
All concur.
Appeal dismissed.