EMMA E. DRYER, Respondent, v. ELON G. BROWN, as Surviving Executor, etc., Appellant.

*Supreme Court, Fourth Department, General Term, February 15, 1890.*

*Executors, etc. Disputed claim.*—Where, in proceedings upon a disputed claim, an executor has inadvertently entered into a stipulation for written pleadings, and serves an answer which omits to set up the statute of limitation, the court, upon proper application, made after reversal of a judgment against him and pending a new trial, will make an order vacating such stipulation and striking out the pleadings served under it, and leave the proceeding to be governed by the usual practice applicable to such cases.

Appeal from an order made at the Herkimer special term. A disputed claim against an estate was referred under the statute. The attorneys entered into a stipulation that the claimant should serve a complaint, and the defendant an answer in the same manner and subject to the same rules of law as though the action was pending upon service of summons in the supreme court, and that the issues generally should be submitted to a referee, and the cause tried thereon and thereunder with the same force and effect as though the action were pending in the supreme court, except the subject of costs.

The judgment was reversed, 52 Hun, 321 ; and the court did not decide whether the defence of the statute of limitations, which had not been pleaded, was, under the stipulation, available to the defendant, but intimated that if he desired to plead it he should go to the special term. Hence this application.

*E. D. Mathews*, for appellant.

*Sayles, Searle & Sayles*, for respondent.

HARDIN, P. J.—At our April term in 1889 we reversed the judgment and orders, and in the language of the order of reversal are the following words : " A new trial is hereby ordered before another referee, and the present reference to Hon. Theodore W. Dwight, referee, if vacated with costs to abide the event of the above entitled matter." That order seems to have been filed in the clerk's office of Oneida county on the 31st day of May, 1889. Thereafter the defendant gave notice of a motion for leave to amend his answer so as to set up " or be allowed in proper form to plead the statute of limitations ; " " or for such other or further order or relief as to the court may seem just."

Leave was granted to serve an amended answer " setting forth the statute of limitations upon payment by defendant to plaintiff's attorneys of all plaintiff's costs and disbursements in an action from the service of notice of trial until the present time, with ten dollars costs of this motion in addition thereto, said costs and disbursements to be taxed by the clerk upon the usual notice, and to be allowed to the same extent and amounts as a plaintiff would be entitled to if awarded costs and disbursements in an action tried before a referee and appealed and decided at general term, with ten dollars motion costs in addition thereto. These costs shall be paid as a condition of being allowed to amend, and within twenty days from date of service of the copy of this order with notice of its entry ; unless said costs are paid as above provided, the motion for leave to amend is denied, with ten dollars costs to be paid by defendant to plaintiff." There is an appeal from that portion of the order which we have quoted.

The learned judge at special term, in dealing with the question presented by the application to amend the answer, and in considering the rule as to costs in case the application was granted, found some perplexity, and he observed: " The difficulty arises out of the peculiar terms of the stipulation entered into between the parties, which seems to make

the case an action as to everything excepting costs, and to leave the question of costs to be determined as though the case were still a reference under the statute; and in this consideration of things it is not quite clear what the effect of the decision by the general term, as to costs, is; what is meant by the words 'cost to abide event.' Whether to abide event means to abide the final direction by the court as to costs, or the final result as to the recovery of the claim. By reason of this uncertainty, resulting from the stipulation of the parties, I do not think the amendment proposed should be allowed without clearly protecting plaintiff. This defence might have been alleged in the defendant's answer when originally made. If the stipulation had not been made, the defence would have been urged without a formal settlement of it in a pleading. * * * While I am inclined to allow the amendment to be made, I think I should not permit it except upon the same terms I would impose if the rule as to costs, in an action, was fully applicable to the case."

Doubtless the observation of the learned judge, to the effect that if there had been no stipulation and no pleadings under the stipulation (this being a special proceeding), any defense which the party had could have been availed of upon the hearing. Roe *v.* Boyle, 81 N. Y. 307; Bucklin *v.* Chapin, 1 Lans. 443.

Whether the defendant, who is an executor, will be liable for costs in this action cannot now be determined; it cannot now be said that his defense is unreasonable, or that costs will finally be adjudged against him as an executor. Hopkins *v.* Lott, 111 N. Y. 577; Pursell *v.* Fry, 19 Hun, 595; Harrison *v.* Ayers, 18 Id. 336 .

The notice of motion, as we have already quoted it, was broad enough to allow the special term to vacate the stipulation in respect to pleadings. Whether the stipulation as to pleadings should have been vacated or not was a question properly before the special term.

In the opinion which we delivered when this case was

before us upon appeal, we referred to the force and effect to be given to the stipulation as it then stood in the case; however, in doing so, we observed, viz. : " If the defendant shall be advised that the stipulation ought not to remain or that he had no right to waive the statute of limitations as a defense, and in doing so has exceeded his authority as an executor, and can make a proper case for relief from the stipulation, he should present the case to the special term and ask to vacate the stipulation, or to be at liberty to amend his answer setting up the statute of limitations. Dayton's Surrogate, 318 ; Willard on Executors, 317 ; Wilcox *v.* Smith, 26 Barb. 355."

The question of whether the stipulation might have been vacated or not in respect to the service of pleadings, was, therefore, properly before the special term.

In an affidavit used upon the motion, referring to the origin of the stipulation, there is found this passage : " The stipulation providing for pleadings was very hastily drawn, while plaintiff's counsel was anxious to take a train for the west ; it was never maturely considered ; defendant was not consulted in regard to it until after it had been made ; it was made on the spur of the moment."

In a verified petition of the defendant, the executor, which was used upon the motion, there may be found this passage : " When this proceeding was commenced deponent was advised to allow the stipulation above specified regarding the service of pleadings to be made, and was advised and supposed that said stipulation and the said answer to the amended complaint first served herein would not prevent defendant from relying upon the statute of limitations or from claiming that said plaintiff's claims were, or part of them were, outlawed. That deponent was advised this was a special proceeding, and that  *  *  *  any defence appearing on the trial could be relied upon whether pleaded or not.  *  *  *  And deponent and his counsel did not suppose there was any trouble about the pleading, or that the

statute of limitations could not be relied upon ; that if there had been any such question suggested upon the trial, deponent and his counsel would have asked to amend the answer to allege the necessary defense in that regard, but deponent was taken entirely by surprise when the referee reported said notes were sustained because the statute of limitations was not pleaded."

It is also stated upon the oath of the executor, that he had " no authority from any of said legatees to waive said statute of limitations, and deponent is advised and fears he may be held personally liable for said notes and amounts if the same are established upon any such evidence as was offered on the other trial and allowed to pass on account of lack of pleading of the statute of limitations."

To contradict the facts that are stated in the quotations which we have made we find nothing in the opposing papers. We therefore think the special term might properly have assumed that the facts stated in the quotations found in the moving papers were established. Under such circumstances we think it would have been proper and within the discretion and power of a special term to have vacated the stipulation in respect to the pleadings, and allowed this special proceeding to stand upon the ordinary practice which obtains in respect thereto.

It was not within the contemplation of the parties to change this special proceeding in its essential nature by the stipulation which was entered into in respect to the pleadings by the attorneys.

These views may properly lead to a reversal of so much of the order as allows the defendant to serve an amended answer upon payment of costs (all that part of the order appealed from) and the order of the special term amended so as to vacate the stipulation as to the pleadings, and striking out the pleadings had thereunder, and allowing the proceeding to stand to be governed by the usual practice applicable in such cases.

The order of the special term modified by striking therefrom all the provisions as to the amended answer and payment of costs as a condition of serving the same ; and inserting therein a provision vacating the stipulation as to pleadings, and striking out the pleadings had under the stipulation, and as so modified affirmed, without costs to either party of the motion, or upon this appeal.

MARTIN, J.—On the 25th day of June, 1889, the appellant made a motion at the Herkimer special term for leave to serve an amended answer in this proceeding, for an inspection and discovery of certain notes and letters claimed to be in the respondent's possession, or for such other or further order or relief as to the court as might seem just.   The court granted the appellant leave to serve an amended answer, on condition that he pay all the respondent's costs and disbursements from the service of notice of trial until the date of such order, with ten dollars costs of the motion, such costs and disbursements to be allowed to the same extent and amount as a plaintiff would be entitled to if awarded costs and disbursements in an action tried before a referee and appealed and decided at general term.   The discovery and inspection was granted as to the notes, but denied as to the letters. The appellant appeals from that portion of the order which denies an inspection of the letters, and also from that part of the order which imposes the payment of costs to the respondent as a condition of leave to serve an amended answer herein.

I concur in the opinion of HARDIN, P. J., that the order appealed from should be modified by striking therefrom all the provisions as to the amended answer and payment of costs as a condition of serving the same, and inserting therein a provision vacating the stipulation between the parties as to pleadings, and striking out the pleadings served in pursuance of such stipulation.

This leaves for consideration only that portion of the order which denies an inspection of the letters.   An examination

of the papers read upon this motion leads me to the conclusion that the order relating to the inspection and discovery of such letters and notes was proper, and should be affirmed.

I, therefore, concur in the opinion of HARDIN, P. J., that the judgment should be modified as therein stated, and as modified should be affirmed, without costs to either party of the motion or upon this appeal.

HARDIN, P. J., concurs ; MERWIN, J., not voting.

### NOTE ON " PRESENTATION and REJECTION of CLAIM AGAINST ESTATES OF DECEASED PERSONS."

Reference had pursuant to §§ 36, 37 of the Revised Statutes are special proceedings. Hallock *v.* Bacon, 64 Hun, 90. In Coe *v.* Coe, 37 Barb. 235, it was held to be a statutory proceeding and the report of the referee to be the only authority for a judgment. In Young *v.* Cuddy, 23 Hun, 249, references of disputed claims against executors are held to be special proceedings. The provisions of the Revised Statutes, regulating such proceedings, have not been repealed by the Code of Civil Procedure. In Roe *v.* Boyle, 81 N. Y. 305, it was stated that this has been generally, if not uniformly, regarded as a special proceeding by judges who have had occasion to consider the point. In Mowry *v.* Peet, 88 N. Y. 456, it was said : "In trying and adjudicating upon these matters, which are within the scope of the reference, the statute confers upon the referee and the court the same powers as though the reference had been made in an action. But the proceeding is not an action." The cases of Roe *v.* Boyle, *ante,* and Mowry *v.* Peet, *ante,* were referred to approvingly in Paddock *v.* Kirkham, 102 N. Y. 599. In Eldred *v.* Eames, 48 Hun, 256, it was said : " Where a reference is had under the statute, the claim and stipulation stand in the place and stead of and for the pleadings. Such a reference is a special proceeding. Bucklin *v.* Chapin, 1 Lans. 450; Hatch *v.* Stewart, 42 Hun, 164." Though the case of Eldred *v.* Eames, *ante,* was reversed by the court of appeals in 115 N. Y. 401, it was upon the point that the referee has no power of amendment, and may not vary the matter referred.

The reference of disputed claims against the estate of a deceased person under the statute is a special proceeding. Denise *v.* Denise, 41 Hun, 9. The motions for new trials, provided for by § 1002 of the Code, evidently have reference to motions in actions and have no application to special proceedings. In the case of Young *v.* Cuddy, *ante,* it was held that an appeal may be taken from the judgment, in a reference under the statute, under § 1346 of the Code, but the correctness of this conclusion may be questioned. See Denise *v.* Denise, *ante.* Appeals in special proceedings are provided for by §§ 1356 and 1357 of the Code. Id.

A proceeding by reference under the statute to determine and enforce a disputed claim against an estate is not an action but a special proceeding. Roe v. Boyle, *ante*. This is not an ordinary proceeding. It is specially regulated by statute. It cannot be commenced by summons, but only by the consent of the parties and the approval of the surrogate. It can be tried in no other way than before a referee. There are no pleadings, and the representatives of the estate can prove against the claim any defense which they have without pleading it in any form. Id. Such proceedings are not made actions because they may result in judgments. Id. See Robert v. Ditmas, 7 Wend. 522; Boyd v. Bigelow, 14 How. 511; Godding v. Porter, 17 Abb. 374; Coe v. Coe, 37 Barb. 232; Somerville v. Crook, 9 Hun, 664.

In the case of Denise v. Denise, the question was whether the special term had power to review the report of a referee upon an alleged error in a finding of fact or ruling upon the law, under § 1002 of the Code of Civil Procedure. The court held that a disputed claim presented against the estate of a deceased person under the statute was a special proceeding. See Roe v. Boyle, *ante*. It was also held that motion for a new trial, provided for by § 1002 of the Code, had reference to motions in actions, and that the section had no application to.special proceedings; also that appeals could not be taken from the judgment under § 1346, but must be taken under §§ 1356, 1357 of the Code. In this case, the case of Young v. Cuddy, *ante*, was only criticised in so far as it held that an appeal in special proceedings of this character could be taken from the judgment under § 1346 of the Code. The case of Hatch v. Stewart, *ante*, was to the same effect. Nothing in either case holds that a motion for a new trial cannot be made upon a case containing exceptions in a special proceeding of this character.

Where a claim made by one executor against the estate of his testator has been rejected by his co-executor, and the same has, upon a stipulation and agreement approved by the surrogate, been referred to a referee to hear and determine, and a judgment in favor of the claimant has been entered upon his report, it is too late to raise the objection that the claim of an executor is not referable, but must be heard by the surrogate in person. Matter of Weller v. Weller, 4 Hun, 195.

A publication of notice for the presentation of claims against the estate of a deceased person is provided for, with an exhibition of vouchers, if required by the executors, besides an affidavit of the claimant to the effect that the claim was justly due, that no payment had been made thereon and no offsets existed thereto. Lambert v. Craft, 98 N. Y. 342. If the executor still doubts the justice of the claim, a reference may be required. If the claim so presented is disputed or rejected, the claimant is compelled within six months, if the debt is, or is becoming, due, to commence a suit for its recovery, or be forever barred from maintaining any action thereon. Id. In all these things, a speedy and complete adjustment of claims is contemplated. Id.

The object of the earlier provision of the statute, §§ 34 and 35, was to compel the creditors, who claim to have debts due from the estate, to pre-

sent them to the executor or administrator for allowance or rejection, so that he might know what claims existed and the validity of them. Id. It is also the object of other provisions §§ 36, 37 and 38 of this statute, and § 822 of the Code, to secure a prompt and inexpensive method of disposing by trial of such claims as were doubted, disputed or rejected. Id. If, after a reasonable opportunity for examination into the validity and fairness of the claim so presented, the executor does not offer to refer it on the ground that he doubts its justice, or disputes it as unjust, it acquires the character of a liquidated and undisputed debt against the estate. Id. This should be so on principle, and the cases of Underhill v. Newburger, 4 Redf. 499, and Magee v. Vedder, 6 Barb. 352, are to such effect. In Tucker v. Tucker, 4 Keyes, 136; 4 Abb. Ct. of App. Dec. 428, there was evidence that the claim was disputed, and, the judge so prefaces his opinion. When presented, the claim was not admitted, and, in a few days thereafter, the administratrix declared to the creditor that they did not consider it a legal claim and had no right to pay it, and upon the accounting its allowance was opposed and the claim actually controverted. In Hoyt v. Bonnett, 50 N. Y. 538, the executors informed the creditor that they declined to pay the claim, but asked for further information. In the former case, the court held that the claim was disputed and the surrogate deprived of jurisdiction to determine it. In the latter case, it held that the refusal to pay was so far qualified that it did not amount to a rejection of the claim.

Where the executor, upon a duly verified claim, presented to him by a creditor, stated verbally that the debt did not belong to him to pay, that it belonged to others who were on the same paper to pay, that he could not pay it, and one year and eight months afterwards served on the creditor a written notice of the rejection of the claim, it was held not to amount to a legal rejection or dispute of the claim so as to require the creditor to offer to refer, or to sue in six months thereafter to prevent the short statute of limitations from barring the claim as provided by § 1822 of the Code. Matter of Miller, 27 St. Rep. 784. The claim then became liquidated, adjusted and allowed by lapse of time and by the silence and acts of the executor. Id. In Lambert v. Craft, ante, less than two months elapsed from the presentation of the claim to its attempted rejection, and the court said that, under these circumstances, the executors are either chargeable with knowledge of the fairness of the claim, or were bound to some degree of active diligence in ascertaining whether it was just, and their silence might well be deemed a substantial allowance of it as a debt to be paid in the due course of administration.

In Hoyt v. Bonnett, ante, the court said : " Justice to the claimant, as well as the reasonable interpretation of the statute, requires that the act of the executor or administrator in disputing or rejecting the claim, which is to put the claimant to an action within the brief period prescribed upon pain of forfeiting the claim, should not be ambiguous or equivocal, capable of two interpretations, but decided, unequivocal and absolute, and that to construe and apply the statute in a manner more liberal to representatives

of estates would make it a trap and a snare to claimants." Kidd v. Chapman, 2 Barb. Ch. 414; Barsalou v. Wright, 4 Bradf. 164.

In Field v. Field, 77 N. Y. 294, it was held that the notice for the presentation of claims is for the protection of executors and the estates which they represent, and there is no legal obligation to give it at all. What the statute intends, and has provided for, is that the executors or administrators shall have a reasonable time to examine the claim and that neither they nor the estate shall be subjected to costs unnecessarily. Denise v. Denise, 110 N. Y. 562.

Where it is conceded that the executor has heretofore formally admitted the claim, or if such an admission is established by uncontroverted evidence, such claim is no longer open to dispute. Matter of Cowdrey, 5 Dem. 453; Lambert v. Craft, 98 N. Y. 342. In the latter case, it was held that, where an executor or administrator admits a claim, or fails to reject it after its presentation and after reasonable opportunity for examination as to its validity and fairness, it acquires the character of a liquidated and undisputed indebtedness against his decedent's estate. This decision strictly relates to such claims only as are presented pending the publication of notice to creditors or after such publication has ceased. The court, refering to the burden imposed by the short statute of limitations upon a decedent's creditors, declares that the scheme for the speedy settlement of estates of deceased persons would be imperfect if it did not secure to the creditor some corresponding advantage. As the decision in Lambert v. Craft, ante, is based upon the reciprocal rights and duties of a decedent's creditor and the representative of his estate, it is fully applicable to cases where the presentation and admission of the claim are all prior to the entry of the order for the publication of notice to creditors. Matter of Cowdrey, ante. § 1822 of the Code, which declares the circumstances under which the short statute may be put in operation, was amended in 1882; and, in all cases where a publication is had, that statute now runs against claims presented before, as well as against those presented subsequent to, such publication. Id.

In the Matter of Whitney, 60 Hun, 585, a claim was presented to the executors in 1888. It was apparently barred by the statute but claimed to have been revived by a payment. The executors rejected it in 1890. It was held that, though it was a long time before it was finally rejected, it was never really admitted and was properly considered a disputed claim.

In Hovey v. Hovey, 46 Hun, 71, a claimant presented to the administrator a claim against the estate of the latter's intestate. The claim was rejected by the administrator. The matter was referred, under the statute, and tried before a referee. The latter made a report against the defendant. During the progress of the trial before the referee, it appeared that some of the items of the claim were not referable under the statute. An oral agreement was thereupon made between the parties to the effect that the referee was authorized to pass upon all matters existing between the parties and appearing before him. And it was held that the proceeding was not thereby changed into an arbitration, and that the administrator could

not treat the amount named in the report as an award and bring an action to recover it. The fact that non-referable items were embraced in the account presented did not deny to the reference the character of a special proceeding under the statute. Id. The question whether any of the items were improperly considered and allowed by the referee might arise on motion to confirm the report or for a new trial on the case. Id. In Akely *v.* Akely, the decision was put upon the ground that the proceeding was not, in form or substance, a reference under the statute. And in Godding *v.* Porter, 17 Abb. 374, the motion to confirm was denied because the claim in question was not referable under the statute, which objection went to the entire claim involved and allowed.

The mere fact that a portion only of the claim presented is rejected, and, therefore, is not referable as within the matter in controversy, should not and does not defeat the jurisdiction of the proceeding as statutory. Hovey *v.* Hovey, *ante.* But the question as to what is, and what is not, allowable is for the referee on the hearing, or for the court on motion to confirm, or on review on a case, to determine. Id.; Brockett *v.* Bush, 18 Abb. 337. And the question arising upon the result given by the report is, whether any portion of the claim of the respective parties was improperly allowed, and whether the affirmative relief given to the administrator was within the power of the referee in such proceeding. Id. Such question can arise only upon the motion to confirm or review as the practice in such case requires. Id. The parties cannot give to the proceedings jurisdiction which it does not possess. And whether an agreement of the parties to permit a recovery of any balance due the representative of a decedent from the claimant may be effectual in such a proceeding, depends upon the question whether it is a matter of practice or of jurisdiction of subject matter. Id. If the parties seek to confer a jurisdiction upon the referee which he cannot take in the proceeding, the effort to do so is ineffectual. Id. Such attempt will not have the effect to convert the proceeding into an arbitration, unless the purpose is clearly manifested to change the proceeding from that which was in progress into an arbitration, and the relation of the referee into that of an arbitrator. Id.

In Hays *v.* Hays, 23 Wend, 363, the form which the plaintiff sought to give to the proceeding was the submission to a justice of the peace of certain matters in controversy between the parties, without pleadings or issue presented in any form. And it was necessarily held that, in that view, it would be an arbitration and not an action.

Under the Revised Statutes, it was held that the short statute of limitations was applicable only to cases where the presentation and rejection of the claim occurred after the publication of notice requiring creditors to present their claim against the estate. Whitmore *v.* Foose, 1 Denio, 159; Tucker *v.* Tucker, *ante;* Snell *v.* Dale, 63 Hun, 626.

Under the Code as originally passed, and as it stood until the amendment of 1882, the rule was the same. But the amendment of 1882 was clearly intended to obviate that rule. The section now provides that, where a claim is exhibited to an executor or administrator either before or after the com-

mencement of the publication of a notice, and he disputes or rejects it, an action thereon will be barred, unless commenced within six months after such dispute or rejection. Snell *v.* Dale, *ante ;* Matter of Haxtun, 102 N. Y. 157. In the latter case, the court said: "Before the amendment of 1882, it was held that the statute did not apply except to claims presented after commencement of publication of the notice to creditors ; that to obviate the rule thus established, the amendment of 1882 was adopted, inserting the words ' either before or,' so as to permit a presentation and effective rejection before publication." The publication of such a notice is for the protection of the executor or administrator, and there is no absolute legal obligation to give it at all. Fliess *v.* Buckley, 90 N. Y. 287.

Under the Code, since the said amendment, a publication of notice, requiring the presentation of claims, is not necessary to set in motion the limitation provided for by § 1822. Snell *v.* Dale, *ante.*

Oral negotiations between the parties in relation to a reference, after rejection of a claim, which result in no written agreement, will not constitute a waiver or estop the executor from insisting upon the short statute of limitations. Snell *v.* Dale, *ante.* A mere offer to refer by an executor, after an unqualified refusal to pay, will not waive the statute. Id.; Nat. Bank of Fishkill v. Speight, 47 N. Y. 668; Cornes *v.* Wilkin, 79 Id. 129.

The general provisions, contained in chap. 4 of the Code of Civil Procedure, are applicable to the special limitation provided for by § 1822. Wilder *v.* Ballou, 68 Hun, 118; Titus *v.* Poole, 60 Id. 1. The time, if any, during which the commencement of an action is stayed by an order of the court is not a part of the time limited for the commencement of the action. Wilder *v.* Ballou, *ante.* In this case, a motion to continue an action against an executor was granted on condition that the plaintiff stipulate not to claim treble damages and to stay all proceedings on the claim presented to the executor. This stipulation was given. The order entered thereon granted in terms, the motion and directed the filing of the stipulation in ten days. It was held that such order operated as a stay, and that the time of the continuance of such stay was not a part of the time limited for the commencement of the action upon the claim so presented and rejected.

As a reference, under the statute, of a claim against the estate of a deceased person is a special proceeding. Eldred *v.* Eames, 115 N. Y. 401; rev'g 48 Hun, 253; Roe *v.* Boyle, *ante,* the referee possesses only those powers which are expressly conferred by the statute, or are fairly inferable from its provisions. Eldred *v.* Eames, *ante.* It has been held in many cases that they do not possess the same powers as referees in actions. Id. They do not have power over the subject of costs. Their reports are required to be confirmed by the court before going into judgment. Smith *v.* Velie, 60 N. Y. 106. They cannot render an affirmative judgment for the estate. They cannot require a bill of particulars. Townsend *v.* N. Y. L. Ins. Co., 4 Civ. Pro. 398. And it would seem to follow therefrom that they cannot change the items of an account presented and referred. Eldred *v.* Eames, *ante.* The exercise of such power by the referee would enable the claimant to obtain a reference of claims against an estate without the con-

sent of the executor or the approval of the surrogate, which is made by the statute the condition of such a proceeding. Id. It is the claim which is rejected by the executor that may be referred and none other. Id.

If the power of amendment is allowed, the whole subject of the controversy may be changed during the trial to the manifest detriment of the estate and in violation of statutory authority to order a reference. The trial may thus be had upon claims that have not been presented to, or rejected by, the executor and whose reference have never been approved by the surrogate. Id. These conditions are made by the statute essential to the power to refer and cannot be dispensed with or subverted. Id.

The distinction between statutory references, and others which are inherent in the nature of the proceeding, is not obliterated by the general language of the statute giving referees therein the same powers as are possessed by referees in actions. Id. Neither does the language of the statute, conferring power of amendment in actions upon referees, purport to give the same power to referees in these proceedings. It provides that the pleadings in the action may be amended by the referee. At the time of the adoption of §§ 36 and 37 of the Revised Statutes, referees had no power to authorize amendments to pleadings in actions. That power was first conferred by an amendment to § 272 of the former Code in 1857. Referees were thereby empowered to permit parties to amend the pleadings in an action, and were also given other powers not before possessed by them. Id. But in these special proceedings there are no pleadings. The statement of the account on one side, and the rejection thereof by the executor on the other, are all that constitute anything in the nature of pleadings between the parties. Id. Under this condition, the claimant may on the trial give any pertinent proof to sustain his charges, and the executor may introduce any evidence which goes to defeat the claim. While the statement and proceedings stand in lieu of pleadings, they still are not pleadings, and are not governed in all respects by the same rules which apply to the construction and office of pleadings in an action. Id.

This question arose in the court of appeals in Townsend *v.* N. Y. L. Ins. Co., *ante,* where a referee allowed the claimant to recover for items of an account not included in the claim presented to the executor. The court held that the referee had no power under the statute to vary or enlarge the matter referred.

Where, therefore, upon the hearing of a reference under said statute, the referee allowed, under objection and exception, the claimant to withdraw several large items of the claim on the credit, as well as the debit, side of his account, it was held, in Eldred *v.* Eames, *ante,* to be error.

An administrator, to whom a claim against his intestate's estate is presented, is entitled both to vouchers and the affidavit of the creditor thereto. Townsend *v.* N. Y. L. Ins. Co., *ante.* He is entitled to both of these modes of verification, before he can be called upon to pay, or even to express a doubt of the justice of the claim. Id. It is also in his power, at its presentation, and before rejecting it or consenting to a reference, to require that the claim be made definite and precise. Id.; Weller *v.* Weller, 4 Hun, 196.

36

Where he is confronted with a demand, which, if just, he is bound to pay, if unjust to resist, he is entitled to particulars, if from its generality or for other reasons he is in doubt whether to pay or reject it. Id.

Where an administrator, upon the presentation of a claim against his intestate's estate, demanded a bill of items, but, without any being furnished, united in an agreement with the creditor pursuant to the provisions of the statute, by which issues were formed, it was held that the case was not within the provisions of § 531 of the Code, which prescribes how an account shall be pleaded and the penalty for omitting to serve a bill of particulars. Id. The referee cannot vary or enlarge the matter in controversy, nor can he reject evidence of any item fairly within the scope of the claim. Id. But if the claim had been rejected, the creditor would then have been driven to his action, in which the administrator could have had all the means of defense given by the Code. Id. But the proceeding under the statute is a special one and governed by the provisions of the Revised Statutes. Where the claimant has not furnished a bill of particulars, he is not precluded from giving evidence of, or from recovering for, if proved, the items fairly within his statement. Id.

Where, upon the trial of a disputed claim under the statute, the referee refuses to require the claimant to furnish a bill of particulars, it is a matter of discretion, and, in the absence of an abuse of such discretion, it is not reviewable. Id. The executor, when the claim is presented, can require it to be made precise and particular before accepting or rejecting it. Matter of Weller v. Weller, 4 Hun, 195. In case the executor, upon the trial of a disputed claim, is entitled to a bill of items, the application therefor should be made to a court, or a judge at chambers, and not to the referee. Id.

The statute gives to the court the power to set aside the report of the referees and to appoint others in their places, as well as the power to confirm the report and order judgment accordingly. Eighmie v. Strong, 49 Hun, 16. While the power is given by the statute, the practice is not prescribed. That has been left for the determination of the courts. Id. It is the customary and usual practice for the prevailing party to move at special term for a confirmation of the report. As the motion is based upon the report, the only questions brought up for review are the regularity of the proceedings, and whether the conclusions of law are sustained by the findings of fact appearing in the report. The rulings made upon the hearing in the admission and rejection of evidence, and questions as to whether the evidence sustains and justifies the findings of fact, can only be brought up upon a case containing exceptions. Id. It is the usual and customary practice for the defeated party to move upon a case containing exceptions for a new trial at the same time that the motion is made for a confirmation of a referee's report, so as to have all the questions determined at the one hearing. Id. This is doubtless the better practice. But the motion for a new trial upon a case and exceptions may be made after the referee's report has been confirmed. Id.; Somerville v. Crook, ante; Young v. Cuddy, ante; Schreyer v. Holborrow, 26 Id. 468.

This view as to the proper practice is supported by numerous and well considered authorities. Baumann *v.* Moseley, 63 Hun, 492. The most singular feature in connection with the entire practice is the failure of any of the cases to point out the authority in law or by practice for requiring that, where it is sought to review upon appeal rulings made upon the hearing as to the admission or rejection of evidence, or as to whether the evidence sustains the findings of fact, a motion for a new trial upon a case and exceptions must always be made in the first instance at the special term. Authorities can be found for an appeal directly from the judgment. And in Hatch *v.* Stewart, *ante,* it is questioned whether the practice is not to appeal from the order of confirmation and not from the judgment.

In Smith *v.* Velie, 60 N. Y. 106, the court was seemingly of the opinion that, where a disputed claim against the estate of a deceased person is referred pursuant to the statute, the aggrieved party must, in order to preserve the right to review upon an appeal from the judgment entered upon the report of a referee, move at a special term upon a case, or otherwise, to set aside the report, or for a new trial, or must appear and oppose its confirmation and take the proper exceptions.

As the Code contains no provisions regulating the practice, resort must be had, for a solution, to what under the authorities seems to be the practice most sanctioned and approved by the court.

The absence of any provision of law as to the time within which a motion upon a case and exceptions must be made presents another difficulty. Bauman *v.* Mosely, *ante.* The usual course is for the defeated party to move on a case and exceptions for a new trial at the time of the hearing of the motion for the confirmation of the report. If necessary, the hearing of the motion will be suspended to enable a case and exceptions to be made and prepared for the hearing. Id. But such a motion may be made after the confirmation of a report and after judgment has been entered. Id.

§ 1002 of the Code, providing that a motion for a new trial cannot be made unless notice therefor is given before the expiration of the time within which an appeal can be taken from the judgment, refers entirely to motions in actions and has no application to special proceedings. Id.

In the absence of authority or Code provisions, the rule to be applied will require that such motion shall be made within a reasonable time. Id. What is a reasonable time, will necessarily depend upon the circumstances of each particular case. Id.

Where a disputed claim against the estate of a deceased person is referred, pursuant to the statute, the aggrieved party must, in order to preserve the right to a review upon appeal from a judgment entered upon the report of a referee, move at special term, upon a case or otherwise, to set aside the report, or for a new trial, or must appear and oppose its confirmation and take the proper exceptions. Smith *v.* Velie, *ante.*

Upon a reference under the statute of a disputed claim against the estate of a deceased person, there is no power, either in the referee or the court, to render an affirmative judgment against the claimant, upon a counter-claim, in favor of the executors. Mowry *v.* Peet, 88 N. Y. 453. The ques-

tion in controversy, which is submitted to the referee on such a reference, is, whether the claimant has a just claim against the estate of the deceased. Id. For the purpose of determining this question, the referee may consider and pass upon any defense, legal or equitable, and any offset which the executors, etc., may give in evidence in order to reduce or extinguish the demands of the claimant. Id. In trying and adjudicating upon these matters, which are within the scope of the reference, the statute confers upon the referee and the court the same powers as though the reference had been made in an action. Id. But the proceeding is not an action. Roe *v.* Boyle, *ante.* No power is conferred to render an affirmative judgment therein for the executors and against the claimant, or to certify a balance in their favor and render judgment therefor. Mowry *v.* Peet, *ante.* There is no precedent for such a judgment. Id.

If the executors have a demand against a claimant, exceeding the amount claimed by him, they cannot resort to this special proceeding for its recovery. Id. In such case, their proper course is, either to bring their own action, or to put the claimant to an action, and not to agree to refer under the statute. Id. The provisions of the Code in respect to counterclaims cannot be complied with in this proceeding. No mode is therein provided for setting up, giving notice of a claim for affirmative relief against the claimant, or for bringing in additional parties. Id. The claimant, when he consents to refer, is not notified that he thereby subjects himself to an affirmative judgment against him, or that such a judgment will be sought. It may be that he would not consent to the reference, if he had been informed that it might be attended with such a result. Id.

The executors can undoubtedly avail themselves of their set-off or counterclaim, to the extent necessary to extinguish the demand of the claimant. Id. What effect their so doing will have upon an action afterward brought by them for the residue, if any, of their claim, and whether they can divide their claim by setting off part and bringing an action for the residue, was not considered in Mowry *v.* Peet, *ante.*

Nor was it determined by the court, in this case, what effect a judgment in favor of the claimant will have, if the executor shall withhold or withdraw their counterclaim from the consideration of the referee and afterwards bring a separate action therefor. The safer course for the executors, until these doubts are solved, is to commence an action upon their counterclaim, and stay or enjoin the proceedings on the reference until the determination of such action. Id.

The statute does not contemplate, in such a proceeding, affirmative relief against the claimant further than is requisite to defeat his recovery. Hovey *v.* Hovey, *ante.*

Since the adoption of the Code of Civil Procedure, several cases have arisen which recognize the right of a claimant to recover referee's fees and disbursements as a matter of course. Hallock *v.* Bacon, 64 Hun, 90.

In Krill *v.* Brownell, 40 Hun, 72, the court states the legislation upon the subject quite satisfactorily, and reaches the conclusion that the prevailing party is entitled to recover the fees of referees and witnesses, and his

other necessary disbursements, as a matter of right. This case, as well as other cases to the same effect, was referred to in Larkins v. Maxon, 103 N. Y. 681; and the court said that these cases cited established the true construction of the subdivision referred to, and that it was intended to, and did, preserve the right to disbursements given by the former Code upon the reference of a claim against the decedent.

The general term of the fifth department, in Denise v. Denise, 41 Hun, 9, ordered judgment for the claimant to recover referee's fees and disbursements. The court of appeals affirmed this order in 110 N. Y. 562, and observed that the present case was that of a special proceeding under the statute, where the determination of the matter was referred by the consent of both parties and is not controlled by § 1836 of the Code.

In Hatch v. Stewart, ante, the court observed that the recovery of disbursements, as directed by the judgment, must stand. The plaintiff was entitled to them as matter of right, because the provisions of § 317 of the former Code to that effect were not repealed by chap. 417 of 1877. And although the entire provisions of the former Code are embraced in the repealing clause of chap. 245 of 1880, the then existing right of the prevailing party to recover the fees of referees and witnesses, and other necessary disbursements in a proceeding of this character, is preserved by subd. 8, § 3 of the same act. Hall v. Edmunds, 67 How. 202; Sutton v. Newton, 2 How. N. S. 56; 15 Abb. N. C. 452; 7 Civ. Pro. 334; Overheiser v. Morehouse, 2 How. N. S. 257; 16 Abb. N. C. 208; 8 Civ. Pro. 11.

In Pursell v. Fry, 19 Hun, 599, it was held that without affidavits or the certificate of the referee, an allowance of a claim, even for referee's fees and disbursements, is improper.

There are conflicting decisions upon the question as to whether the prevailing party, upon the reference of a disputed claim, is entitled to recover the fees of referee and witnesses and other necessary disbursements, as matter of right. Krill v. Brownell, ante. The point of difference is whether that clause of § 317 of the former Code, as amended by chap. 479 of 1851, which gives the right, is still in force. The clause provides that, whenever any claim against a deceased person shall be referred, pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses and other necessary disbursements, to be taxed according to law. In Daggett v. Mead, 11 Abb. N. C. 116, which is a special term case, disbursements as well as costs were disallowed to a prevailing party. Subsequently the general term in the same department held, in the case of Miller v. Miller, ante, that in such cases disbursements do not belong to the prevailing party as matter of right. This case is incorrectly reported in 67 How. 135, as having been decided in the old fourth department. In Hall v. Edmunds, 67 How. 202, the court, at special term, came to a conclusion adverse to that of Daggett v. Mead, ante, and held that the clause of § 317, above referred to, is still in force. The special term, in Sutton v. Newton, ante, held the same way and stated correctly the effect of subsequent legislation upon the clause in question. It held that § 3246 of the Code does not supersede § 317 of the former Code

so far as the latter relates to costs and disbursements in a reference under the statute.

§ 317 of the former Code, which provided for the taxation of disbursements, was repealed by the Repealing Act of 1880, but the right was preserved by subd. 8 of § 3 of that act. Upon the construction of that saving clause, there has been a difference of opinion in the supreme court. In Miller *v.* Miller, *ante*, and Daggett *v.* Mead, *ante*, the saving clause was held to prevent the destruction only of the right to such disbursements as were provided for in the Revised Statutes. To the contrary are Krill *v.* Brownell, 40 Hun, 72; Sutton *v.* Newton, 15 Abb. N. C. 452; Hall *v.* Edmunds, *ante;* Overheiser *v.* Morehouse, *ante.* These last cited cases established the true construction of the subdivision referred to, and that it was intended to preserve, and did preserve, the right to disbursements given by the former Code upon the reference of a claim against the decedent. Larkins *v.* Maxon, *ante.*

In Fredenburgh *v.* Biddlecome, 17 W. Dig. 25, it was held that, on the reference of a disputed claim, the executors are not chargeable with costs in the absence of proof that they unreasonably resisted or neglected the claim. It was also held, in this case, that § 3240 of the Code is not applicable, as the costs are specially regulated by the statute.

In Hendricks *v.* Isaacs, 52 Hun, 100, it seems to have been held that all that the courts can, in the first instance, adjudge by way of costs is the payment of the referee's fees and other disbursements necessarily incurred, in case of a reference under the statute.

In Blankman *v.* McQueen, 58 Hun, 172, it was held that the proceedings in the case of a disputed claim against an estate are controlled by the Revised Statues as regards the allowance of costs, and not by the Code of Civil Procedure ; that the costs are represented by the disbursements, and do not include an allowance provided in the fee bill in an action.

In Hauxhurst *v.* Ritch, 119 N. Y. 621, it was said that no other objection was argued except the allowance of costs, which were in the discretion of the court and not subject to the review of the court of appeals.

In Hallock *v.* Bacon, *ante*, the following conclusions were reached :

(1.) The reference in the case was a special proceeding.

(2.) The plaintiff was entitled to recover for referee's fees and disbursements.

(3.) The plaintiff was not entitled to recover the taxable costs as in an action.

An offer to refer a rejected claim against the estate of a decedent may be made by parol. Roberts. *v.* Pike, 19 Civ. Pro. 422. Where it is refused, the claimant is entitled, as a matter of right, to the costs of an action brought on the claim, in which he is successful. Id.

In Clossey *v.* Ayres, 63 Hun, 624, it was held that a proceeding under the statute in relation to disputed claims against an estate cannot be discontinued except upon payment of costs. See also, Agar *v.* Tibbets, 56 Hun, 272.

The costs in proceedings upon a reference, under the statute, of a claim

against the estate of the deceased person are not controlled by the provisions of §§ 1835, 1836 of the Code, in reference to costs in an action against an executor or administrator in his representative capacity. Denise v. Denise, 110 N. Y. 562.

The court has power to award costs, though the claim is not presented within the time limited by the published notice, as prescribed by law, requiring creditors to present their claims. Id.

In the cases of disputed claims against an estate, which are referred under the statute, it was held in Denise v. Denise, *ante*, that the proceedings are governed by the revised statutes, and that their provisions control the question of costs. Blankman v. McQueen, *ante*. Where a claimant is entitled to costs in such proceedings, it is the costs referred to in the Revised Statutes, and not the costs as mentioned in the Code. Id. Costs under the Revised Statutes were the disbursements, and not necessarily the allowances provided for in the fee bill in respect to actions. Id.

In Hendricks v. Isaacs, *ante*, it was held that, in order to enable the court to award costs, no certificate of the judge or referee, before whom the trial took place, was necessary ; that costs as in an action and costs of an action cannot be allowed by the court, but all that the court can, in the first instance, adjudge by way of costs is the payment of the referee's fees and other disbursements necessarily incurred ; that the court, in the award of costs, should limit itself to the award of such referee's fees and disbursements, and has no power to grant an extra allowance. This case was reversed in 117 N. Y. 411, but upon a different point.

Where a disputed claim against an estate is referred, the referee has no power to allow costs against an executor or administrator to be levied on his property or that of the deceased. Hallock v. Bacon, 64 Hun, 633. Such costs can only be allowed by the court, on motion, after trial. Id. ; Howe v. Lloyd, 2 Lans. 335; 9 Abb. N. S. 257.

Where upon a reference under the statute of a claim against an estate, based on a legal cause of action, the plaintiff recovers nominal damages, even though the plaintiff may not recover his costs, the defendant is not legally entitled to costs, and the allowance thereof to him is not discretionary. Hopkins v. Lott, 111 N. Y. 577.

The plaintiff in such case is properly denied costs, where the payment of the claim is not unreasonably resisted, and it is referred by the agreement of both parties under the statute. But the right of the defendant to costs does not follow from the fact that they are not awarded to the plaintiff under the special provisions of §§ 1835, 1836. Id. These sections do not authorize costs to be awarded to the executor or administrator on a recovery by the other party, though costs may not be awarded to him. Id. By § 3229, costs are given to a defendant in the actions specified in § 3228, unless the plaintiff is entitled to costs as therein specified, and in no other cases. And § 3228 does not specify that the plaintiff is entitled to costs on a recovery in an action against an executor or administrator. By §§ 1835, 1836, the right of the plaintiff to costs is made contingent and not absolute. Id. But the right of the executor or administrator to costs depends wholly

on the language of § 3229. Where the plaintiff recovers against the executor or administrator on a legal cause of action, costs can not be awarded to him, though under §§ 1835 and 1836 they are denied to the plaintiff. Id.; Baine v. City of Rochester, 85 N. Y. 523. Nor is the allowance of costs to the defendant discretionary under § 3240 of the Code. The costs are regulated by the Revised Statutes and the Code, as in actions against executors and administrators. Id.